IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

DEXTER CAMPBELL,
        Plaintiff,

v.

MERCER UNIVERSITY,
D. BLOODWORTH, individually,
STEVE GAINES, individually,
RAY BRIDGER, individually
        Defendants.
_____/

Case No.: 5:12-cv-00181-HL

Demand for Jury Trial

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the plaintiff, by and through the undersigned counsels, amends his Complaint and alleges as follows:

### PARTIES

1. Plaintiff, Dexter Camber, resides in West Palm Beach, Florida.

2. Defendant Mercer University is a private university located in the state of Georgia.

3. Defendant Bloodworth, upon information and belief, is an individual that was employed by Defendant Mercer University as a Mercer University Campus Police Officer.

4. Defendant Bridger, upon information and belief, is an individual that was employed by Defendant Mercer University as a Mercer University Campus Police Sergeant.

5. Defendant Gaines, upon information and belief, is an individual that was employed by Defendant Mercer University as a Mercer University Campus Police Sergeant.

### JURISDICTION & VENUE

6. This action arises under 42 U.S.C. Section 1983.

7. In addition, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of costs, it is between citizens of different states, and because the defendants have certain minimum contacts with the State of Georgia such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

8. Venue in the United States District Court for the Middle District of Georgia is proper pursuant to 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the plaintiffs' claims and causes of action occurred in this judicial district.

## GENERAL ALLEGATIONS

9. On or about September 30, 2009, Plaintiff visited the Mercer University Tarver Library (hereinafter "Tarver") to use its computer system to check his e-mail prior to leaving for vacation.

10. When Plaintiff arrived at Tarver, a librarian took him to a computer terminal and logged him in to enable him to use the computer.

11. As Plaintiff was sitting at the computer terminal checking his e-mail, Defendant Bloodworth approached him and asked for his driver's license.

12. Plaintiff promptly complied and tendered his driver's license to Defendant Bloodworth.

13. Immediately thereafter, Defendant Bloodworth placed a gun against Plaintiff's head, instructed him not to move and stated that Plaintiff was under arrest "because we've had complaints about you viewing pornography on the computers."

14. Plaintiff remained still as instructed by and calmly responded to Defendant Bloodworth stating that he must be mistaken because he was only checking his e-mail on the Tarver

computer and that he was not viewing pornography. At the time Defendant Bloodworth approached Plaintiff, the monitor of the computer Plaintiff was using did not contain any pornographic images but, rather, only his e-mails.

15. Defendant Bloodworth responded by reiterating his allegation that the library had received complaints about plaintiff viewing pornography on the Tarver computers, and Plaintiff again insisted that Defendant Bloodworth must be mistaken.

16. Immediately thereafter, Defendant Bloodworth handcuffed Plaintiff, advised him of his rights, escorted him out of Tarver and took him to the offices of the Mercer University Police.

17. After arriving at the offices of the Mercer University Police, Bloodworth took Plaintiff to a room, handcuffed him to a chair, and Bloodworth began to question Plaintiff.

18. Bloodworth repeatedly accused Plaintiff of viewing pornography on the Tarver computers and Plaintiff repeatedly denied Bloodworth's allegations and calmly attempted to explain to Bloodworth that he was not viewing pornography, but Bloodworth refused to accept Plaintiff's explanations.

19. After interviewing Plaintiff, Bloodworth left the room, leaving Plaintiff handcuffed to the chair, and returned a short time later and presented to Plaintiff a document entitled Criminal Trespass Warning. Bloodworth advised Plaintiff that, if he signed the Criminal Trespass Warning, then he could leave but, if he refused to sign it, then he would remain in custody.

20. Plaintiff, having never had any previous encounters with police during his lifetime and never having been arrested before, was afraid, did not want to remain in custody as a

result of the alleged "crime" and signed the Criminal Trespass Warning as instructed by Bloodworth.

21. The Criminal Trespass Warning states, *inter alia,* that Plaintiff had been advised by the issuing officer that he is to stay off all properties of Mercer University and that, if at any time he is stopped on Mercer University property in the future, he will be charged with criminal trespass.

22. The Criminal Trespass Warning also lists Defendant Bridger and Defendant Gaines, as "witnesses," despite the fact that Plaintiff never even saw or had any interaction whatsoever with either of these two defendants from and after his arrest at Mercer University.

## FIRST CAUSE OF ACTION
### Violation of Civil Rights
*(Against All Defendants)*

23. Plaintiff hereby restates and realleges Paragraphs 1-22 of the Complaint as fully set forth herein.

24. The acts of Defendants, individually and collectively, constitute a violation of the 42 U.S.C. Section 1983.

25. As a direct and proximate result of the wrongful acts of Defendants, individually and collectively, Plaintiff has suffered and continues to suffer damages, including emotional distress, in a total amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Wrongful Arrest
*(Against All Defendants)*

26. Plaintiff hereby restates and realleges Paragraphs 1-25 of the Complaint as fully set forth herein.

27. The acts of Defendants, individually and collectively, to wrongfully restrain, confine and detain Plaintiff against his will and without lawful privileges or reasonable cause constituted false arrest and false imprisonment actionable under the laws of the United States.

28. As a direct and proximate result of the wrongful acts of Defendants, individually and collectively, Plaintiff has suffered and continues to suffer damages, including emotional distress, in a total amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Arbitrary Detention
*(Against All Defendants)*

29. Plaintiff hereby restates and realleges Paragraphs 1-29 of the Complaint as fully set forth herein.

30. Defendants' arbitrary detention of Plaintiff was illegal and unjust. Defendants, and each of them, detained or caused Plaintiff to be detained without warrant, probable cause, articulable suspicion or notice of charges and failed to accord them him due process

31. As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer damages, including emotional distress, in a total amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### Discrimination
*(Against All Defendants)*

32. Plaintiff hereby restates and realleges Paragraphs 1-30 of the Complaint as fully set forth herein.

33. The wrongful acts of Defendants, individually and collectively, constitute discrimination against Plaintiff.

34. As a direct and proximate result of the wrongful acts of Defendants, individually and collectively, Plaintiff has suffered and continues to suffer damages, including emotional distress, in a total amount to be determined at trial.

WHEREFORE, the Plaintiff prays:

    a. For judgment against Defendants, individually and collectively, for damages to be determined at trial;

    b. For costs of suit herein incurred;

    c. For such other relief as this court may deem just and proper.

## JURY DEMAND

The plaintiff hereby demands a jury trial.

Respectfully submitted,


s/ Mirta Desir_____
Mirta Desir (FL 90103), *Pro Hac Vice*
mdesir@desirlaw.com
Desir & Associates
P.O. Box 1052
West Palm Beach, FL 33402-1052
T.: 800.982.5280 ext. 3
F.: 305.397.1413

Kyle Krejci, Local Counsel
PO Box 28122
Macon, GA 31221

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed a true and correct copy of the foregoing PLAINTIFF'S FIRST AMENDED COMPLAINT though the court's CM/ECF system and that Defendants, individually, whom have not made an appearance to date will be mailed a copy at: MERCER UNIVERSITY, 1400 Coleman Avenue, Macon, Georgia 31207 if no appearance is made on CM/ECF by 6th September 2012.

/ MIRTA DESIR