UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| DEXTER CAMPBELL<br><br>    Plaintiff,<br><br>v.<br><br>MERCER UNIVERSITY; MERCER UNIVERSITY TARVER LIBRARY; MERCER UNIVERSITY POLICE; D. BLOODWORTH, A MERCER UNIVERSITY POLICE OFFICER; D. BLOODWORTH, AS AN INDIVIDUAL; RAY BRIDGER, A SERGENT OF THE MERCER UNIVERSITY POLICE; RAY BRIDGER, AS AN INDIVIDUAL; STEVE GAINES, A MERCER UNIVERSITY POLICE CORPORAL; STEVE GAINES, AS AN INDIVIDUAL; AND DOES 1 THROUGH 100, INCLUSIVE<br><br>    Defendants | Case No. 5:12CV00181HL |

**ANSWER OF MERCER UNIVERSITY; MERCER UNIVERSITY TARVER LIBRARY; MERCER UNIVERSITY POLICE; RAY BRIDGER, A SERGEANT OF THE MERCER UNIVERSITY POLICE; RAY BRIDGER, AS AN INDIVIDUAL; STEVE GAINES, A MERCER UNIVERSITY POLICE CORPORAL; and STEVE GAINES, AS AN INDIVIDUAL TO**

1

# COMPLAINT UNDER THE CIVIL RIGHTS ACT (42 U.S.C. SECTION 1983)[1]

COME NOW, **MERCER UNIVERSITY; MERCER UNIVERSITY TARVER LIBRARY; MERCER UNIVERSITY POLICE; RAY BRIDGER, A SERGEANT OF THE MERCER UNIVERSITY POLICE; RAY BRIDGER, AS AN INDIVIDUAL; STEVE GAINES, A MERCER UNIVERSITY POLICE CORPORAL; and STEVE GAINES, AS AN INDIVIDUAL**, Defendants in the above-styled civil action, and hereby file this their Answer and Affirmative Defenses to Plaintiff's Complaint, showing this Honorable Court as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, must be dismissed.

## SECOND DEFENSE

Service of process on these Defendants was insufficient and, therefore, the Complaint must be dismissed.

---

[1] This Answer is not on behalf of Defendant "D. Bloodworth" because Defendant Bloodworth has not been served with a Complaint in this action.

## THIRD DEFENSE

Defendants Ray Bridger and Steve Gaines are immune from suit because, at the time of the alleged incident and in light of all the circumstances, there existed reasonable grounds to believe that their actions were appropriate and they acted in good faith. Consequently, they should be dismissed.

## FOURTH DEFENSE

Defendant Mercer University cannot be vicariously liable for the actions alleged in Plaintiff's Complaint under Georgia law.

## FIFTH DEFENSE

Defendants "Mercer University Tarver Library" and "Mercer University Police" are not proper Defendants to this action because they are not separate corporate entities and, therefore, they should be dismissed. "Mercer University Tarver Library" and "Mercer University Police" are divisions of Defendant Mercer University.

## SIXTH DEFENSE

Defendants answer Plaintiff's enumerated allegations as follows:

## JURISDICTION AND VENUE

1.

Defendants admit that Plaintiff's Complaint has alleged a violation of civil rights under 42 U.S.C. §1983. Defendants deny that their actions deprived Plaintiff of any rights, privileges or immunities secured by the Constitution and laws.

2.

The allegations contained in Paragraph 2 of Plaintiff's Complaint are denied.

3.

Defendants Bridger and Gaines admit that they reside in the State of Georgia and that they are employed by Mercer University. Defendants have insufficient information to either admit or deny Plaintiff's allegation that he "resides within the jurisdiction of this court."

## PARTIES

1.

Having made a reasonable inquiry, the information known or readily obtainable by the Defendants is insufficient to enable the Defendants to either admit or deny the truth of the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.

The allegations contained in Paragraph 2 of the Plaintiff's Complaint are admitted.

3.

Defendant Mercer University admits that it operates the Tarver Library on its campus in Macon, Georgia. Defendant Mercer University denies that Mercer University Tarver Library is a separate corporate entity or a proper Defendant in this matter.

4.

Defendant Mercer University admits that it operated the Mercer University Police Department pursuant to the provisions of the Campus Policeman Act, O.C.G.A. §20-8-1 et seq. The Mercer University Police Department exercises jurisdiction on and around Mercer University's campus in Macon, Georgia and its graduate and professional campus in Atlanta, Georgia.

5.

Defendant Mercer University denies that Defendant Dan Bloodworth is currently an employee of Mercer University. Defendant Mercer University admits that Defendant Dan Bloodworth was an employee of Mercer University at the time of the incident described in Plaintiff's Complaint.

6.

The allegations contained in Paragraph 6 of the Plaintiff's Complaint are admitted.

7.

The allegations contained in Paragraph 7 of the Plaintiff's Complaint are admitted.

8.

The allegations contained in Paragraph 8 of the Plaintiff's Complaint are admitted.

9.

The allegations contained in Paragraph 9 of the Plaintiff's Complaint are admitted.

10.

The allegations contained in Paragraph 10 of the Plaintiff's Complaint are admitted.

11.

Having made a reasonable inquiry, the information known or readily obtainable by the Defendants is insufficient to enable the Defendants to either

admit or deny the truth of the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.

Defendant admits that Plaintiff was found in the Mercer University Tarver Library on or about September 30, 2009. Defendant has insufficient knowledge as to the purpose of Plaintiff's visit to the Mercer University Tarver Library, however, Plaintiff had previously received a verbal criminal trespass warning from the Mercer University Police Department and, therefore, was not allowed to be present on Mercer University's property.

13.

Having made a reasonable inquiry, the information known or readily obtainable by the Defendants is insufficient to enable the Defendants to either admit or deny the truth of the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.

Defendant Mercer University admits that Plaintiff was approached by Defendant Dan Bloodworth and was asked to produce a driver's license.

Defendant Mercer University has insufficient knowledge as to Plaintiff's activities at the time he was approached by Defendant Dan Bloodworth.

15.

Having made a reasonable inquiry, the information known or readily obtainable by the Defendants is insufficient to enable the Defendants to either admit or deny the truth of the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16.

The allegations contained in Paragraph 16 of the Plaintiff's Complaint are denied.

17.

The allegations contained in Paragraph 17 of the Plaintiff's Complaint are denied.

18.

The allegations contained in Paragraph 18 of the Plaintiff's Complaint are denied.

19.

Defendant Mercer University admits that Plaintiff was handcuffed by Defendant Dan Bloodworth in order to escort him out of the Tarver Library and to the Mercer University Police Department.

20.

Having made a reasonable inquiry, the information known or readily obtainable by the Defendants is insufficient to enable the Defendants to either admit or deny the truth of the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21.

The allegations contained in Paragraph 21 of the Plaintiff's Complaint are denied.

22.

Defendant admits that Plaintiff was advised that he could leave after signing the criminal trespass warning. Defendant denies that Plaintiff was advised that he would remain in custody indefinitely if he did not sign the criminal trespass warning.

23.

The allegations contained in Paragraph 23 of the Plaintiff's Complaint are denied.

24.

The allegations contained in Paragraph 24 of the Plaintiff's Complaint are admitted.

25.

Defendants admit that the criminal trespass warning lists Defendants Ray Bridger and Steve Gaines as witnesses. Defendants deny the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS (Against All Defendants)

26.

Defendants incorporate and re-state their responses to Paragraphs 1 through 25 of Plaintiff's Complaint as if fully set forth herein.

27.

The allegations contained in Paragraph 27 of the Plaintiff's Complaint are denied.

28.

The allegations contained in Paragraph 28 of the Plaintiff's Complaint are denied.

## SECOND CAUSE OF ACTION

## WRONGFUL ARREST (Against All Defendants)

29.

Defendants incorporate and re-state their responses to Paragraphs 1 through 28 of Plaintiff's Complaint as if fully set forth herein.

30.

The allegations contained in Paragraph 30 of the Plaintiff's Complaint are denied.

31.

The allegations contained in Paragraph 31 of the Plaintiff's Complaint are denied.

## THIRD CAUSE OF ACTION

## ARBITRARY DETENTION (Against All Defendants)

32.

Defendants incorporate and re-state their responses to Paragraphs 1 through 31 of Plaintiff's Complaint as if fully set forth herein.

33.

The allegations contained in Paragraph 33 of the Plaintiff's Complaint are denied.

34.

The allegations contained in Paragraph 34 of the Plaintiff's Complaint are denied.

## FOURTH CAUSE OF ACTION

## DISCRIMINATION (Against All Defendants)

35.

Defendants incorporate and re-state their responses to Paragraphs 1 through 34 of Plaintiff's Complaint as if fully set forth herein.

36.

The allegations contained in Paragraph 36 of the Plaintiff's Complaint are denied.

37.

The allegations contained in Paragraph 37 of the Plaintiff's Complaint are denied.

THIS 6th day of September, 2012.

BENDIN SUMRALL & LADNER, LLC


   /s/ Brian D. Trulock
TIMOTHY H. BENDIN
Georgia Bar No. 049876
BRIAN D. TRULOCK
Georgia Bar No. 559510
*Attorneys for Defendants*
One Midtown Plaza, Suite 800
1360 Peachtree Street NE
Atlanta, Georgia  30309
T:  (404) 671-3100
F:  (404) 671-3080
tbendin@bsllaw.net
btrulock@bsllaw.net

13

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 6th, 2012, I electronically filed the ANSWER OF MERCER UNIVERSITY; MERCER UNIVERSITY TARVER LIBRARY; MERCER UNIVERSITY POLICE; RAY BRIDGER, A SERGEANT OF THE MERCER UNIVERSITY POLICE; RAY BRIDGER, AS AN INDIVIDUAL; STEVE GAINES, A MERCER UNIVERSITY POLICE CORPORAL; and STEVE GAINES, AS AN INDIVIDUAL TO COMPLAINT UNDER THE CIVIL RIGHTS ACT (42 U.S.C. SECTION 1983) with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following party and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed to the following:

Mirta Desir, Esq.
*Pro Hac Vice*
P.O. Box 1052
West Palm Beach, FL 33402

Kyle Krejci, Esq.
Law Office of Kyle Krejci, LLC
P.O. Box 28122
Macon, GA  31221

THIS 6th day of September, 2012.

BENDIN SUMRALL & LADNER, LLC

*/s/ Brian D. Trulock*
TIMOTHY H. BENDIN
Georgia Bar No. 049876
BRIAN D. TRULOCK
Georgia Bar No. 559510
*Attorneys for Defendants*

15

One Midtown Plaza, Suite 800
1360 Peachtree Street NE
Atlanta, Georgia  30309
T:  (404) 671-3100
F:  (404) 671-3080
tbendin@bsllaw.net
btrulock@bsllaw.net

265622
1050-0002