UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DEXTER CAMPBELL,                                          Case No.: 5:12-cv-00181-HL
        Plaintiff,

v.

MERCER UNIVERSITY,
D. BLOODWORTH, individually,
STEVE GAINES, individually,
RAY BRIDGER, individually
        Defendants.
_____/

**MOTION FOR EVIDENTIARY HEARING & RESPONSE
TO DEFENDANT BLOODWORTH'S MOTION TO DISMISS FOR
INSUFFICIENT OF SERVICE OF PROCESS**

COMES NOW, the Plaintiff, DEXTER CAMPBELL, by and through undersigned counsel, and hereby files this Motion for Evidentiary Hearing and Response to Defendant Bloodworth's Motion to Dismiss for Insufficiency of Service of Process and in support thereof states as follows:

**BRIEF PROCEDURAL HISTORY AND STATEMENT OF FACTS**

1. On 30th September 2011, Plaintiff, appearing *pro se*, filed his Complaint in the Southern District of Florida, naming D. Bloodworth, individually, and Mercer University, as defendants, amongst others. Defendant was listed as "D. Bloodworth" on the Complaint since that was the identifying information that was listed on the citation issued by Defendant Bloodworth.

2. Plaintiff contacted Mercer University prior to and after the filing of the Complaint in regards to Defendant Bloodworth. No information as to the location of Bloodworth was

forthcoming. **Exhibit A.**

3. On 27th March 2012, Attorney Mirta Desir made an appearance in the above entitled action, and filed a Motion for Extension of Time to Effectuate Service of Process and a Motion to Transfer Venue.

4. On 13th September 2012, Attorney Trulock and Mirta Desir had a Rule 26(f) conference. During that conference Ms. Desir informed Mr. Trulock that an attempt was still being made to locate D. Bloodworth. Ms. Desir further inquired as to whether the Dan Bloodworth that could be found on the Mercer University website was the same D. Bloodworth that was employed as a campus officer during the event at issue. Mr. Trulock stated that the indivudal on the site was not the same Dan Bloodworth and that his clients were unaware of the location of the D. Bloodworth listed in the Complaint since his employment ended at Mercer University. **Exhibit B.**

5. On 5th October 2012 Attorney Trulock filed his motion to dismiss stating that service is insufficient due to the fact that Defendant was not served within the 120-day period.

6. As of the day of this response, Plaintiff does not know the location of Defendant and is unable to attempt service.

7. Neither Defendant Bloodworth nor his attorney provided an affidavit supporting the "analogous" facts of the cases used in the Motion to Dismiss for Insufficiency of Service of Process.

## LEGAL ARGUMENT

**I.**      **This Court Should Order an Evidentiary Hearing in Order to Ascertain if Service Was Reasonably Feasible On Defendant Based on the Lack of**

**Information that Was Available to Plaintiff or If Rule 4(M) Even Applies to Defendant Bloodworth**

Rule 4(m) requires that a plaintiff properly serve process on each defendant within 120 days of filing a complaint. Fed. R. Civ. P. 4(m). Where a defendant is not served within 120 days, the Court must dismiss the action without prejudice against the defendant or order that service be made within a specific time. *Id*. Rule 4(m) specifically exempts service on individuals in foreign countries pursuant to Rule 4(f) from the 120-day time limit. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)*; see also Lucas v. Natoli*, 936 F.2d 432,432- 33 (9th Cir. 1991) ("The plain language of [Rule 4(m)] makes the 120-day service provision inapplicable to service in a foreign country.) Rule 4(f), in turn, stipulates the requirements for service on individuals in foreign countries. *See* Fed. R. Civ. P. 4(f). Rule 4(f) does not impose any specific time limits. *See Id.*

There is no dispute that Defendant D. Bloodworth was not served within 120 days after the Complaint was filed. The core issue is whether Plaintiff's failure to serve Defendant Bloodworth based on the information he had at his disposal was reasonable. Two factors must be considered: 1) whether "good cause" exists for Plaintiff's failure to serve Defendant Bloodworth to date -- this is discussed *infra*; and 2) whether Rule 4(M) applies to the service of Defendant Bloodworth.

Defendant Bloodworth's Motion states in essence that Plaintiff has had ample time to serve him but has failed to do so – and that this lack of service is terribly egregious because it was not performed within the 120-days allotted by Rule 4(M) and "no effort has been made to properly serve Defendant." Defendant Bloodworth's Motion further states that the Plaintiff has not provided evidence that Bloodworth has evaded service since the lawsuit was filed against him.

Attorney Trulock does not provide any affidavit in support of his Motion to show that the facts he relies on in his cited cases are applicable to his Defendant – such as that Defendant has continuously resided or worked in the same location since the Complaint was filed – and it was feasible to serve him.  Since Rule (4M) only applies to those in this country; and some courts in this Circuit have held that Rule 4(M) should not be strictly construed when a Defendant has relocated several times since the Complaint was filed by Plaintiff, *See, gen., Cobb v. Aponte*, 2010 WL 2609210 (M.D. Ala. 2010), an evidentiary hearing should be conducted.

A limited discovery and an evidentiary hearing is appropriate on a motion when it serves the interest of justice and a grant or denial of the motion would have a significant impact on the case. *See, Blair v. City of Worcester*, 522 F.3d 105 (2008); and *see, gen., Cobb v. Aponte*.  In light of the fact that Plaintiff has sworn that he has exercised due diligence in attempting to serve Defendant Bloodworth but has been unable to do so and Defendant Bloodworth has not provided any affidavits in support of its Motion to even show that the cases cited are analogous or on point with his facts a limited discovery is appropriate.

Quite simply, if an evidentiary hearing shows that D. Bloodworth was residing abroad at anytime after the complaint was filed, Rule 4(M) does not strictly apply. In addition, if an evidentiary hearing establishes that Defendant Bloodworth has relocated since the Complaint was filed then the time limits of Rule 4(M) should not be strictly construed; and Rule 4(M) should definitely not apply if an evidentiary hearing shows that he has been intentionally evading service.  Thus, Plaintiff requests that this Court permit limited discovery and hold an evidentiary hearing on the matter, especially since Defendant's attorney has failed to provide this Court with any affidavits to support the argument in support of his client. *See* Fed. R. Civ. P. 4(f)

**II.     Due Diligence Has Been Exercised in Attempting to Serve Plaintiff Bloodworth**

First, Defendant Bloodworth strongly relies on *Melton v. Wiley*, and states that the facts in that case are "substantially similar" to the present case. Defendant is incorrect. In *Melton* the Plaintiff knew the Defendant's usual place of business and attempted to serve him there by leaving the complaint and summons at his usual place of business. In the present case, Plaintiff contacted Mercer University to ascertain Plaintiff's location. Later on Plaintiff's attorney asked Defendant's attorney directly if he or the other Defendant's were aware of Plaintiff's location so he could be served since we had been unable to locate him. Defendant's attorney responded in the negative. In *Melton* Plaintiff had the knew *where* to serve Defendant but failed to serve Defendant's agent, in the present case, Plaintiff could not even attempt service on Defendant because Plaintiff had been unable to locate him, even after exercising due diligence. In addition, Defendant does not allege that Plaintiff knew or should have known of his usual place of business or residence.

Second, to demonstrate good cause, the plaintiff must establish that he "(1) has proceeded in good faith; (2) has a reasonable basis for noncompliance; and (3) the basis for the delay was more than simple inadvertence or mistake. *Lepone–Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277,1281 (11th Cir.2007). And, "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process." Indeed, "when a district court finds that a plaintiff fails to show good cause[,] ... the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id*. at 1282. "Only after considering whether any such factors may exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Cobb v. Aponte*, 2010 WL 2609210 (M.D. Ala. 2010).

Furthermore, even "when a district court finds that a plaintiff fails to show good cause for

failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. And, only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Etris v. Snyder*, 2012 WL 692811 (N.D. Ga. 2012), appeal dismissed (July 16, 2012).

In the present case, the only information that Plaintiff had in regards to Defendant Bloodworth was that he was employed at Mercer University, however, Plaintiff acted diligently in attempting to locate Defendant Bloodworth – he contacted Mercer University prior to and after filing his lawsuit. In addition, soon after the case was transferred to the Middle District of Georgia, a thorough search was attempted to locate D. Bloodworth, however, based on the limited information available to Plaintiff's attorney –the individual could not be located and the other named defendants were served while the search for D. Bloodworth continued.

In addition, Plaintiff's diligence in attempting to locate and serve Defendant Bloodworth is underscored by the fact that during the initial Rule 26(f) conference, Plaintiif's attorney informed Mr. Trulock that an attempt was still being made to locate D. Bloodworth. Ms. Desir further inquired as to whether the Dan Bloodworth that was currently employed at Mercer University, and listed on its website, was the same D. Bloodworth that was employed as a campus officer during the event at issue. Mr. Trulock stated that the individual was not the same Dan Bloodworth and that his clients were unaware of the location of the D. Bloodworth referenced in the Complaint since his employment ended at Mercer University. As a result, although Plaintiff's attorney did not file a Motion for Extension of Time to serve Defendant in this Court, Plaintiff's attorney did initially file a Motion for Extension of Time prior to the

transfer of venue and due to the fact that Plaintiff's attorney is no closer today to locating Defendant Bloodworth since the initial Motion for Extension Time was filed a new Motion was not made due to the fact that Dan Bloodworth could not be reasonably located.

However, since it appears that Mr. Trulock has made contact with Defendant Bloodworth, although it is not clear at this time if he is within the territory of this Court, an enlargement of time should be granted to effectuate service.

WHEREFORE, based on the above, Plaintiff respectfully requests that this Court:

a) Order a limited discovery and conduct an evidentiary hearing; or

b) Grant an enlargement of time to serve the defendant.

Dated this 2nd day of November 2012.


Respectfully submitted,

s/ Mirta Desir_____
Mirta Desir (FL 90103), *Pro Hac Vice*
mdesir@desirlaw.com
Desir & Associates
P.O. Box 1052
West Palm Beach, FL 33402-1052
T.: 800.982.5280 ext. 3
F.: 305.397.1413

Kyle Krejci, Local Counsel
PO Box 28122
Macon, GA 31221

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of November 2012, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Mirta Desir_____

## SERVICE LIST

**Brian David Trulock**
1180 W Peachtree St NW
Atlantic Center Plaza, Suite 800
Atlanta, GA 30309
404-954-5000
Fax: 404-954-5020
Email: btrulock@bsllaw.net
*Via CM/ECF*

**Timothy H, Bendin**
1180 West Peachtree Street, NW , Suite 800
Atlanta, GA 30309-3479
404-954-5000
Email: tbendin@bsllaw.net
*Via CM/ECF*