UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DEXTER CAMPBELL,                               Case No.: 5:12-cv-00181-HL
      Plaintiff,

v.

MERCER UNIVERSITY,
D. BLOODWORTH, individually,
STEVE GAINES, individually,
RAY BRIDGER, individually
        Defendants.
_____/

## SCHEDULING AND DISCOVERY REPORT

In accordance with the Court's Rules 16 and 26 Order dated 26th September 2012, the parties to this action conferred and jointly developed a scheduling and discovery report containing deadlines and limitations as follows:

### I. Nature of the Case

Plaintiff alleges the Defendants infringed upon his civil rights, in violation of 42 USC §1983, when he was arrested by a member of Defendant Mercer University's police department and removed from Defendant Mercer University's Tarver Library. Plaintiff also asserts various other causes of action associated with this incident including "Wrongful Arrest", "Arbitrary Detention", and "Discrimination."

The issues to be tried include, but are not limited to, whether Plaintiff was deprived of any rights, privileges, or immunities secured by the Constitution or laws and whether the Defendants had reasonable grounds to believe their actions were appropriate and acted in good faith.

## II. Counsel of Record

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Attorney for Plaintiff:
Mirta Desir (FL 90103), *Pro Hac Vice*
mdesir@desirlaw.com
Desir & Associates
P.O. Box 1052
West Palm Beach, FL 33402-1052
T.: 800.982.5280 ext. 3
F.: 305.397.1413

Attorneys for Defendants
Timothy H. Bendin (GA 049876)
tbendin@bsllaw.net
Brian D. Trulock (GA 559510)
btrulock@bsllaw.net
Bendin Sumrall & Ladner, LLC
One Midtown Plaza, Suite 800
1360 Peachtree Street NE
Atlanta, Georgia 30309
T: 404-671-3100
F: 404-671-3080

## III.   Discovery

A. Initial Disclosures

The parties must make their Rule 26(a) initial disclosures no later than 16th November 2012, which is no later than fourteen (14) days after the parties Rule 26(f) conference.

B. Time for Discovery

The time for discovery in this case shall expire on April 19, 2013, that being no more than six (6) months after the filing of the last responsive

pleading.

No discovery request may be served unless the response to the request can be completed within the time specified by the rules and within the discovery period. Except by written consent of the parties first filed with the Court, no deposition shall be scheduled beyond the discovery period.

If a party believes that more time for discovery is needed, an appropriate motion may be filed setting forth good cause for an extension.

C. Subjects of Discovery

Some of the subjects to which discovery may be needed is related to any individuals and records related to the claims in the complaint. Discovery should be completed no later than April 19, 2013.  In addition, discovery should be conducted in phases such that depositions follow the exchange of written discovery by the parties.

D. Electronically Stored Information

Any electronically stored information would be provided via USB-drive.

E. Privilege Claims

The parties are not aware of any privilege claims at this time.

F. Changes to Discovery Limitations

The parties do not anticipate requesting any changes to the discovery limitations.

G. Other Discovery Matters

The parties are not currently aware of any other discovery matters.

H. Expert Witnesses

Any party who desires to use the testimony of any expert witness will be required to designate the expert according to the following schedule:

The plaintiff must disclose the identity of any expert witnesses on or before January 17, 2013, that being no more than 90 days after the filing of the last responsive pleading.

The defendant must disclose the identity of any expert witnesses on or before February 16, 2013, that being no more than 120 days after the filing of the last responsive pleading.

If the defendant designates an expert where the plaintiff has not previously designated an expert, the plaintiff shall have 30 days from the designation of the defendant's expert within which to designate a rebuttal expert witness.

The designation of any expert witness must be accompanied by a written report prepared and signed by the expert in accordance with Rule 26(a)(2)(B). Any designated expert witness must be available to be deposed during the discovery period.

Any supplemental expert reports must be provided to the opposing party (or counsel) on or before March 28, 2013, that being no more than 160 days after the filing of the last responsive pleading. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

**IV.   Motion Deadlines**

    A. All motions to join other parties or to otherwise amend the pleadings shall be filed on or before March 20, 2013, that being no more than 30 days before the expiration of discovery in this case.

    B. All dispositive motions shall be filed on or before June 3, 2013, that being no more than 45 days after the expiration of discovery in this case.

C. All Daubert motions must be filed on or before May 19, 2013, that being no more than 30 days after the expiration of discovery in this case. The parties are instructed not to file Daubert motions as part of dispositive motions.

## V. Other Matters

A. The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

B. The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

C. All applications to the Court for orders shall be presented in the form of written motions filed pursuant to the Local Rules. Letters, faxes, and telephone calls will not be accepted in lieu of a properly filed motion unless requested or otherwise authorized by the Court.

D. Any request for leave of absence should be filed in the form of a motion. The Court will not consider notices filed pursuant to Uniform Superior Court Rule 16.

E. Do not send courtesy copies of letters, motions, or briefs to the Court.

F. This Scheduling and Discovery Report must be filed as a .pdf document. A scanned Scheduling and Discovery Report will not be accepted.

G. This schedule shall not be modified except upon a showing of good cause and by leave of Court

This 5th day of November 2012

| | |
|---|---|
| s/ Mirta Desir_____ | s/ Brian D. Trulock_____ |
| Mirta Desir (FL 90103), *Pro Hac Vice* | BRIAN D. TRULOCK |
| mdesir@desirlaw.com | Georgia Bar No. 559510 |
| Desir & Associates | TIMOTHY H. BENDIN |
| P.O. Box 1052 | Georgia Bar No. 049876 |
| West Palm Beach, FL 33402-1052 | *Attorneys for Defendants* |
| T.: 800.982.5280 ext. 3 | One Midtown Plaza, Suite 800 |
| F.: 305.397.1413 | 1360 Peachtree Street NE |
| | Atlanta, Georgia  30309 |
| Kyle Krejci, Local Counsel | T:  (404) 671-3100 |
| PO Box 28122 | F:  (404) 671-3080 |
| Macon, GA 31221 | tbendin@bsllaw.net |
| kyle@middlegalaw.com | btrulock@bsllaw.net |
| Attorneys for Plaintiff | |

The Court, having reviewed the information contained in the Scheduling and

Discovery Report completed and filed jointly by the parties to this action, hereby

ADOPTS the parties' plan and MAKES IT THE ORDER OF THE COURT.

**SO ORDERED**, this ____ day of _____, ____.


_____
HUGH LAWSON, Judge
United States District Court
Middle District of Georgia