## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA

DEXTER CAMPBELL

     **Plaintiff,**

**v.**

                                  **Case No. 5:12CV00181HL**

MERCER UNIVERSITY;
D. BLOODWORTH, individually,
STEVE GAINES, individually,
RAY BRIDGER, individually,

     **Defendants**

### DEFENDANTS MERCER UNIVERSITY, STEVE GAINES, AND RAY BRIDGER'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW, DEFENDANTS MERCER UNIVERSITY, STEVE GAINES, AND RAY BRIDGER, and hereby file this their Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b) and FED. R. CIV. P. 4(m) because service of process has been insufficient and because Plaintiff's Complaint fails to state a claim against upon which relief can be granted.

1

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff filed his Complaint on September 30, 2011 in the United States District Court for the Southern District of Florida.   The Complaint generally alleges the Defendants violated Plaintiff's civil rights and asserts a cause of action pursuant to 42 U.S.C. § 1983.   Amended Complaint ¶¶6, 24.   Additionally, the Complaint asserts causes of action entitled "Wrongful Arrest", "Arbitrary Detention", and "Discrimination".   Amended Complaint at 4-6.   Plaintiff was proceeding *pro se* at the time he filed his Complaint.

The Complaint and Amended Complaint generally allege the individual Defendants violated Plaintiff's civil rights when they arrested him inside the Tarver Library on the campus of Mercer University.   Mercer University is, as correctly alleged in the Complaint and Amended Complaint, a private university located in Macon, Georgia.   According to the Complaint, Defendant Bloodworth, a law enforcement officer employed by the Defendant Mercer University, falsely accused Plaintiff of viewing pornography on a library computer, pointed his gun at Plaintiff, and placed him in handcuffs before transporting him to the Mercer University Police Department ("MUPD").   Regardless of the allegations in

Plaintiff's Complaint – which represent a gross distortion of the truth[1] – the Defendants are entitled to a dismissal of Plaintiff's Complaint for several reasons.

First, Defendants are entitled to a dismissal without prejudice based on insufficient service of process. On March 27, 2012, Plaintiff's counsel Mirta Desir filed her "Notice of Appearance". (CM/ECF Doc. "9"). The same day, Plaintiff's counsel filed a "Motion to Transfer Venue" from the Southern District of Florida to the Northern District of Georgia and a "Motion for Extension of Time to Effectuate Service of Process". (CM/ECF Doc. "10" and "11"). At this point, 179 days had elapsed since the filing of the Complaint, and the Motion did not reference what attempts, if any, had been made to serve the Defendants. Instead, the Motion requested an extension because Plaintiff was, initially, proceeding *pro se* and was unfamiliar with the legal system.

On April 17, 2012, the Southern District of Florida granted Plaintiff's motion to transfer and denied all other remaining motions – including Plaintiff's "Motion for Extension of Time" – as moot. (CM/ECF Doc. "13"). Plaintiff filed a "Motion to Transfer Venue" from the Northern District of Georgia to the Middle District of Georgia on May 16, 2012. The Northern District of Georgia issued an Order granting Plaintiff's request on May 18, 2012.

---

[1] The evidence in this case will demonstrate Plaintiff had previously been caught viewing pornography on a computer located within Mercer University's medical school library and was verbally warned to leave the campus. This was the second time he was caught trespassing on Mercer University's private property.

Plaintiff finally served Defendant Mercer University on August 16, 2012 and Defendants Gaines and Bridger on August 17, 2012.  Plaintiff allowed 321 days to pass before serving Defendant Mercer and 322 days to pass before serving Defendants Gaines and Bridger.  Moreover, Plaintiff's counsel allowed 142 days to elapse between her initial appearance and eventual service of Defendant Mercer University.  Plaintiff's failure to effectuate service in accordance with the provisions of FED. R. CIV. P. 4(m) warrants a dismissal of Plaintiff's Complaint and Amended Complaint without prejudice as to Defendants Mercer University, Gaines, and Bridger.

Second, Mercer University is entitled to a dismissal with prejudice of the Complaint and Amended Complaint because Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Plaintiff's Complaint seeks to hold Mercer University vicariously liable for the actions of its employed law enforcement officers.  Vicarious liability for causes of action pursuant to 42 U.S.C. § 1983 is not permitted in this case.  Furthermore, Georgia law prohibits vicarious liability for the actions of privately employed law enforcement officers when they are engaged in a law enforcement function.  Accordingly, Defendant Mercer University is entitled to a dismissal *with prejudice* of all claims against it because Georgia law prohibits vicarious liability for the alleged conduct in this case.

Third, Defendants Gaines and Bridger are entitled to a dismissal with prejudice of Counts II-IV of Plaintiff's Complaint because they are immune from these state law claims pursuant to the provisions of the Georgia Tort Claims Act. ("GTCA").

In sum, Plaintiff's Complaint and Amended Complaint should be dismissed with prejudice in their entirety as to Defendant Mercer University because of their failure to state a claim.  Counts II – IV of Plaintiff's Complaint and Amended Complaint must be dismissed with prejudice as to Defendants Gaines and Bridger because of their failure to state a claim.  Count I of Plaintiff's Complaint should be dismissed without prejudice as to Defendants Gaines and Bridger because process was insufficient.  In the event this Court finds that Plaintiff has stated a claim against either Mercer University or the individual Defendants, those Counts must still be dismissed without prejudice because of Plaintiff's failure to perfect service within 120 days.

## ARGUMENT AND CITATION OF AUTHORITY

### I.     Service of Process Has Been Insufficient

FED. R. CIV. P. 4(m) mandates that if a defendant is not served within 120 days after the complaint is filed, the court must either dismiss the action without prejudice or order that service be made in a specified period of time.  The court is

only required to extend the time for service if plaintiff shows good cause for the failure to effectuate service within the 120 day period.  Absent a showing of good cause, a court may extend the time for service in its discretion.  Daker v. Donald, 2008 U.S. Dist LEXIS 30242 (N.D. Ga. 2008).

When considering a discretionary extension of time to perfect service, the district court must consider whether any circumstances warrant an extension of time based on the facts of the case, including whether the expiration of the statute of limitations would effectively bar a refiled action.  Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).  "Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under *Rule 4(m)*, it was incumbent upon the district court to at least consider this factor."  Id.

42 U.S.C. § 1983 does not contain an express statute of limitations.  In the absence of an express federal statute of limitations, it is necessary to borrow the limitations period from state law.  See West v. Conrail, 481 U.S. 35, 39 (1987).  A state's statute of limitations for personal injury torts should be borrowed for application to federal civil rights claims.  Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d. 1209, 1216 (11th Cir. 2001).  The proper limitations period for all claims under §1983 in Georgia is the two-year limitations period for personal injuries set

forth in O.C.G.A. § 9-3-33.  Williams v. Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).  The above analysis is relevant to the present case because, if this Court grants Defendants' Motion on the grounds of insufficient service of process, Plaintiff will be barred from re-filing this action because the statute of limitations has expired.  According to Plaintiff's Complaint, his cause of action accrued on September 30, 2009 and the statute of limitations expired on September 30, 2011.

This Court is not required to grant an extension of time to perfect service simply because Plaintiff will be unable to re-file his Complaint if this action is dismissed without prejudice.  Indeed, this Court dismissed a § 1983 Complaint because of plaintiff's failure to effect service within 120 days after specifically considering the expiration of the statute of limitations in Melton v. Wiley.  2007 U.S. Dist. LEXIS 7033 (M.D. Ga. 2007).  In Melton, plaintiff attempted to serve the defendant by leaving a copy of the complaint with his agent at the defendant's usual place of business.  Id. at 2-3.  The summons stated that the complaint was left with a person "authorized to accept service on behalf of Defendant Wiley and inform him of same."  Id. at 5.  The Defendant, however, asserted that the individual with whom the complaint was left was not his agent and not authorized to accept service on his behalf.  Id. at 6.  Plaintiff did not have any evidence to

dispute this assertion.  Consequently, plaintiff never properly served the defendant within the 120-day window.  Id.

After finding that the defendant properly preserved the defense in his first responsive pleading, this Court then moved to determine whether the case should be dismissed for failure to comply with FED. R. CIV. P. 4(m).  This Court declined to extend the time to perfect service despite the expiration of the statute of limitations for several reasons.  First, there was no evidence the defendant was evading service.  Id. at 9.  Second, although a re-filed complaint might be time barred, the Court found the "plaintiff's predicament [was] a result of his own inaction."  Id.  This Court noted the plaintiff knew service was potentially defective because the defendant raised the defense in his responsive pleading, yet plaintiff took no action to ascertain the basis for the defense, perfect service, or request an extension of time.  Id. at 9-10.

This Court's decision in Melton was affirmed on appeal.  Melton v. Wiley, 262 Fed. Appx. 921 (11th Cir. 2008).  Exhibit "A".  On appeal, plaintiff did not dispute the failure to properly serve the defendant.  Id. at 922.  The Eleventh Circuit noted this Court "considered specifically whether it should allow Plaintiff an extension in light of the running of the statute of limitations …" and rejected that option.  Id. at 924.  Based on the 1) plaintiff's failure to take any action when

notified of the insufficiency defense; 2) plaintiff's failure to seek an extension of time to perfect service; and 3) the absence of evidence that the defendant evaded service, the Eleventh Circuit held this Court did not abuse its discretion in finding that the plaintiff's predicament was of his own making and, consequently, dismissing plaintiff's case.  Id. at 924.

The facts surrounding Plaintiff's failure to serve the Defendants within 120 days are similar to those in Melton and, therefore, call for dismissal of Plaintiff's Complaint.  First, there is no evidence the Defendants attempted to evade service, therefore making it difficult or impractical to perfect service within 120 days. Second, Plaintiff never obtained an order allowing additional time despite the passage of 120 days since the filing of the Complaint.  Although Plaintiff's counsel filed a motion seeking an extension, the Southern District of Florida denied it as moot when the case was transferred to the Northern District of Georgia.  Plaintiff's motion seeking an extension of time demonstrates Plaintiff's counsel's knowledge that an excessive amount of time had elapsed since filing the Complaint.  Despite this knowledge, Plaintiff's counsel allowed another 121 days to elapse before Plaintiff served Defendant Mercer and 122 days before Plaintiff served Defendants Gaines and Bridger.  Consequently, the predicament is of Plaintiff's, and his counsel's, own making and this case should be dismissed.

**II.   Plaintiff's Complaint Fails to State a Claim Against Mercer University and Counts II – IV Fail to State a Claim Against the Individual Defendants**

A Complaint may be dismissed for failure to state a claim when the plaintiff can prove no set of facts which would entitle him to relief.  <u>Faulk v. Orlando</u>, 731 F.2d 787, 789 (11th Cir. 1984).   A complaint drafted by a pro se plaintiff is generally held to less stringent standards and may only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove not set of facts in support of his claim which would entitle him to relief.  <u>Id.</u> at 789-790.

In this case, the initial Complaint was drafted by a pro se Plaintiff.  The Amended Complaint, which contains the same factual allegations and causes of action, was drafted by an attorney.  Even if Plaintiff is able to prove every fact described in his Complaint and Amended Complaint, he is not entitled to relief. The law does not allow for vicarious liability for the causes of action asserted in Plaintiff's Complaint, and the individual Defendants are entitled to statutory immunity for the causes of action based on state law.

Plaintiff's Complaint and Amended Complaint do not make any direct allegations against Defendant Mercer University.  Thus, a successful action against Defendant Mercer University requires Plaintiff to prove that Mercer University is vicariously liable for the actions of its employed law enforcement officers in this

case.  The law, however, does not support a cause of action against Defendant Mercer University based on vicarious liability for any of the causes of action enumerated in Plaintiff's Complaint.  Furthermore, the individual Defendants are immune from the causes of action in Plaintiff's Complaint and Amended Complaint arising from state law pursuant to the provisions of the Georgia Tort Claims Act.

### A.   Plaintiff's Complaint Fails to State A Claim Against Mercer University

#### 1.  Vicarious Liability is Not Available Under §1983

It has long been the rule that a defendant cannot be liable under § 1983 on a respondeat superior or vicarious liability basis.  Harvey v. Harvey, 949 F. 2d 1127, 1129 (11th Cir. 1992).  In Harvey, the plaintiff-appellant pursued a § 1983 action against her husband, two physicians, and the hospital based on their respective roles in her involuntary commitment for mental health treatment.  Id.  Each appellant moved to dismiss.  When examining the plaintiff-appellant's claims against the hospital, the court noted: "The initial barrier to appellant's relief from [the hospital] is that the actions she questions are actually the actions of [the hospital's] employees, not the actions of the hospital itself."  Id.  The complaint alleged plaintiff-appellant was placed in a locked ward and given medication against her will.  These actions, however, were taken by hospital employees, not

the hospital itself.  Accordingly, the court of appeals followed well established precedent and found that the hospital could not be faulted for the conduct of its employees under §1983 and affirmed the district court's dismissal of the hospital as a defendant.  Id. at 1130, 1132.

This Court reached an identical conclusion in Huggins v. Owens, 2011 U.S. Dist. LEXIS 93058 (M.D. Ga. 2011).  In Huggins, the plaintiff filed a complaint pursuant to § 1983 alleging he was denied adequate medical care after falling from the top of a three-man bunk bed while incarcerated.  Id. at 4.  In addition to several individual defendants, plaintiff named "Prison Health Care Providers" as a Defendant.  Plaintiff alleged this was the entity responsible for medical staff at the prison where he was incarcerated.  Id. at 8.  This Court found that the plaintiff's complaint, however, suffered from the same deficiency as that in Harvey. Plaintiff's complaint only concerned the actions of the provider's employees, not the actions of the provider itself.  Thus, dismissal of Prison Health Care Providers was appropriate because a defendant cannot be liable under § 1983 on a respondeat superior or vicarious liability basis.  Id. at 8-9.

Similarly, in the present case, Plaintiff's Complaint and Amended Complaint contain the same barrier to relief because it questions the actions of Mercer University's employed law enforcement officers, not the actions of Mercer

University itself.  Plaintiff's Complaint and Amended Complaint generally allege Defendant Bloodworth violated Plaintiff's civil rights when they arrested him for trespassing – a second time – on Mercer University's private property and transported him to the MUPD to receive a written criminal trespass warning.  The Complaint and Amended Complaint do not make any direct allegations against Mercer University and, therefore, Plaintiff's § 1983 claim against Mercer University must be dismissed for failure to state a claim.

### 2. <u>Vicarious Liability is Not Available for Plaintiff's State Law Claims</u>

Plaintiff's Complaint also fails to state a claim as to his state law claims as they relate to Mercer University.  The Complaint and Amended Complaint, as discussed above, do not have any direct allegations against Mercer University.  Instead, the Complaint appears to seek redress from Mercer University under a theory of vicarious liability.  Georgia law, however, prohibits vicarious liability for private employers of law enforcement officers when the alleged tort occurred while the law enforcement officer was engaged in a law enforcement activity.

In <u>Touchton v. Bramble</u>, an off-duty police detective hired by an amusement park and paid directly by the park was held to be performing his police duties when he investigated a man alleged to be exposing himself to children.  643 S.E.2d 541 (Ga. Ct. App. 2007).  The Georgia Court of Appeals held that the amusement park

was not subject to liability in *respondeat superior* because "the employer escapes liability if the officer was performing police duties which the employer did not direct when the cause of action arose." Id. at 543. (quoting Page v. CJF Properties, 578 S.E.2d 522, 523-524 (Ga. Ct. App. 2003)). The Georgia Court of Appeals reasoned, "[The amusement park] is not responsible for his actions simply because it paid him." Id. at 544. Further, the court stated "although [the amusement park] employees helped [the officer] locate the [accused] and assisted in his detention and arrest," those facts did not demonstrate direction or control of the officer "during the investigation or in the exercise of his police duties," so summary judgment was proper on all claims grounded in respondeat superior. Id. at 166.

In Sommerfield v. Blue Cross & Blue Shield of Ga., Inc., the Georgia Court of Appeals confronted the issue of "whether an off-duty police officer and his part-time private employer can be liable to a motorist injured as the result of a traffic accident that occurs while the officer is directing traffic in a public road at the behest of the private employer." 509 S.E.2d 100, 101 (Ga. Ct. App. 1998). The Georgia Court of Appeals determined that directing traffic on a public thorough fare is always a police function and, therefore, the police officer was entitled to official immunity regardless of the fact that the officer was working for a private

entity.  Id. at 102.  Further, the Georgia Court of Appeals held that because the officer in Sommerfield "was performing public duties, not at the direction of the private master," his private employer could not be held liable in respondeat superior.  Id. at 103.  Importantly, the Georgia Court of Appeals noted that while the officer's private employer determined which hours it required police assistance and the pay rate, there was no evidence that it controlled the manner or method in which the officer directed traffic.  "On the contrary, [the officer's] police training and experience dictated how he directed traffic."  Id.  Because the duties he was performing for [his private employer] were clearly public duties, any negligence on the part of [the officer] is not attributable to his [his private employer]."  Id.

The allegations presented in the Complaint and Amended Complaint allow for dismissal for failure to state a claim without examining the role Mercer University may have had in directing Plaintiff's arrest.  Unlike the cases above, Plaintiff in this case has concurrently asserted a cause of action under §1983.  One of the elements the plaintiff will be required to prove is that the conduct in this case was committed by a person acting under color of state law.  Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156-157 (1978).  Because Plaintiff has asserted a § 1983 action, he must concede that he is alleging the individual Defendants were acting under color of state law to enforce the boundaries of Mercer University's

private property.  If Plaintiff disputes this point, then his § 1983 claim fails against all Defendants as a matter of law.  Because Plaintiff's allegations necessarily require an assumption that the individual Defendants were acting under color of law and performing a public function, then Mercer University cannot be vicariously liable for their conduct under Georgia law.

Thus, Mercer University cannot be vicariously liable for any of the claims asserted in Plaintiff's Complaint and Amended Complaint, and, therefore, Plaintiff has failed to state a claim against Mercer University.  Plaintiff's Complaint and Amended Complaint, therefore, must be dismissed with prejudice as it relates to Defendant Mercer University.

**B.** **Plaintiff's State Law Claims Against the Individual Defendants Must be Dismissed Because they Are Immune Under the Georgia Tort Claims Act**

Although the individual Defendants cannot assert state law immunity for Plaintiff's allegations pursuant to § 1983, they can assert state law immunity for those claims arising out of state law.  In this case, the individual Defendants are entitled to immunity under the Georgia Tort Claims Act ("GTCA").

**1.** **The Individual Defendants are Law Enforcement Officers with the Authority to Enforce the Laws of the State of Georgia**

O.C.G.A. § 20-8-1 defines "campus policeman" as "an employee of an educational facility whose duties include the enforcement of the laws of this state;

the preservation of public order; the protection of life and property; the prevention, detection, or investigation of crime; or any combination thereof."   Campus policemen who have been certified as peace officers – such as the individual Defendants in this case – have "the same law enforcement powers, including the power of arrest, as a law enforcement officer of the local government with police jurisdiction over such campus."  O.C.G.A. §20-8-2.  Campus policemen, therefore, are entrusted with the same responsibilities, powers, and duties as their colleagues employed by various governmental entities throughout Georgia.

### 2. <u>The Georgia Tort Claims Act is Unambiguous in its Provision of Immunity to the Individual Defendants</u>

The GTCA (O.C.G.A. § 50-21-20 *et seq.*) expressly prohibits any lawsuit against state officers or employees for actions within the scope of their official duties.  O.C.G.A. § 50-21-25 states: "A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment *is not subject to lawsuit or liability therefor*." (emphasis added).  The Act includes law enforcement officers within its definition of "state officer or employee."  O.C.G.A. § 50-21-22.  The Georgia Supreme Court has held that the statute is "plain in its language as to the scope of its coverage and the extent of the immunity granted thereby …" <u>Ridley v. Johns</u>, 552 S.E.2d 853, 854 (Ga. 2001).

The only issue this Court must consider, therefore, is whether the individual Defendants were engaged in law enforcement activities at the time of the conduct giving rise to Plaintiff's state law claims.  "Since there is no exemption in the statute for acts motivated by malice or an intent to injure, the presence of such motivation has no effect on the immunity granted by the statute."  Id.  In this case, the individual defendants were law enforcement officers acting within their official capacity.  Thus, they are entitled to official immunity.

Campus policemen who are certified in accordance with O.C.G.A. § 20-8-3 – as the individual Defendants are in this case – are "law enforcement officers" because they can exercise "the same law enforcement powers, including the power of arrest, as a law enforcement officer of the local government with police jurisdiction over such campus." O.C.G.A. § 20-8-2.  Moreover, it does not matter whether the police officer is working for a public or private entity.  Immunity under the GTCA depends on whether the law enforcement officer was acting within the scope of his official authority at the time of the conduct.  Sommerfield, 509 S.E.2d at 102.  The rationale for immunity is to preserve independence of action and to prevent a review of a law enforcement officer's judgment in hindsight.  Cameron v. Lang, 549 S.E.2d 341, 344 (Ga. 2001).

Here, Plaintiff's have alleged the individual Defendants arrested him for trespassing on Mercer University's private property.  According to the Complaint and Amended Complaint, Plaintiff was arrested and transported to the MUPD where he was issued a criminal trespass warning.  The allegations in Plaintiff's Complaint and Amended Complaint, therefore, allege facts that constitute a law enforcement activity for which the individual Defendants are immune pursuant to GTCA.  Indeed, as discussed above, Plaintiff's assertion of a cause of action pursuant to § 1983 supports this conclusion because a successful action under § 1983 will require that the individual Defendants were acting under color of law at the time of his arrest and, therefore, were not acting as "private" security guards. Consequently, Plaintiff's state law claims (Counts II –IV) must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing analysis, Plaintiff's Complaint and Amended Complaint must be dismissed with prejudice for the following reasons:

1)  All Counts in Plaintiff's Complaint and Amended Complaint should be dismissed with prejudice as they relate to Defendant Mercer University because they fail to state a claim upon which relief can be granted.  There are no direct allegations against Mercer University,

and Mercer University cannot be vicariously liable for the causes of action asserted in Plaintiff's Complaint and Amended Complaint.

2) Counts II – IV of Plaintiff's Complaint and Amended Complaint should be dismissed with prejudice as they relate to Defendants Gaines and Bridger because they fail to state a claim upon which relief can be granted. The allegations are based in state law and Defendants Gaines and Bridger are immune from suit pursuant to the GTCA because they were engaged in an official function at the time of the incident described in Plaintiff's Complaint and Amended Complaint.

3) Count I of Plaintiff's Complaint and Amended Complaint should be dismissed without prejudice as it relates to Defendants Gaines and Bridger because Plaintiff failed to perfect service within 120 days as required by the Federal Rules of Civil Procedure. Furthermore, if this Court disagrees with the arguments presented above pertaining to Mercer University's protection from vicarious liability or the individual Defendants' immunity from state law claims, those remaining counts should still be dismissed without prejudice for failure to perfect service within 120 days.

WHEREFORE, Defendant Mercer University respectfully requests this Court DISMISS Plaintiff's Complaint and Amended Complaint *with prejudice.* Defendants Gaines and Bridger respectfully request this Court DISMISS Count I of Plaintiff's Complaint and Amended Complaint *without prejudice* and DISMISS Counts II-IV *with prejudice.*

THIS 7th day of November, 2012.

BENDIN SUMRALL & LADNER, LLC

*/s/ Brian D. Trulock*
TIMOTHY H. BENDIN
Georgia Bar Number 049876
BRIAN D. TRULOCK
Georgia Bar Number 559510
*Attorneys for Defendants*
One Midtown Plaza, Suite 800
1360 Peachtree Street NE
Atlanta, Georgia  30309
Telephone:  (404) 671-3100
Facsimile:   (404) 671-3080
E-mail:  tbendin@bsllaw.net
E-mail:  btrulock@bsllaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2012, I electronically filed the

foregoing DEFENDANTS MERCER UNIVERSITY, STEVE GAINES, AND

RAY BRIDGER'S MEMORANDUM OF LAW IN SUPPORT OF THEIR

MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which

will automatically send e-mail notification of such filing to the following parties:

Mirta Desir, Esq.                          Kyle Krejci, Esq.
*Pro Hac Vice*                              Law Office of Kyle Krejci, LLC
Post Office Box 1052                       Post Office Box 28122
West Palm Beach, Florida  33402            Macon, Georgia  31221
mdesir@gmil.com                            kyle@middlegalaw.com

THIS 7th day of November, 2012.

BENDIN SUMRALL & LADNER, LLC

*/s/ Brian D. Trulock*
TIMOTHY H. BENDIN
Georgia Bar Number 049876
BRIAN D. TRULOCK
Georgia Bar Number 559510
*Attorneys for Defendants*
One Midtown Plaza, Suite 800
1360 Peachtree Street NE
Atlanta, Georgia  30309
Telephone:  (404) 671-3100
Facsimile:  (404) 671-3080
E-mail:  tbendin@bsllaw.net
E-mail:  btrulock@bsllaw.net
273245-1050-0002