IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| DEXTER CAMPBELL,<br><br>    Plaintiff,<br><br>v.<br><br>MERCER UNIVERSITY;<br>D. BLOODWORTH, individually,<br>STEVE GAINES, individually,<br>RAY BRIDGER, individually,<br><br>    Defendants. | Case No. 5:12CV00181HL |

### DEFENDANTS MERCER UNIVERSITY, STEVE GAINES, AND RAY BRIDGER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR DENY THEIR MOTION TO DISMISS

COME NOW, DEFENDANTS MERCER UNIVERSITY, STEVE GAINES, AND RAY BRIDGER, and hereby file their Response in opposition to Plaintiff's Motion to Strike or Deny Their Motion to Dismiss. A Motion to Strike may only be used to strike portions of a pleading. Accordingly, Plaintiff has, once again, failed to follow the proper procedure and has failed to respond. Moreover, the Motion to Strike completely fails to address the substance of the Defendants' Motion to Dismiss. Plaintiff's repeated failures to comply with the Federal Rules of Civil Procedure should not be rewarded and he should not be allowed to insert

additional delay into this litigation by allowing him another chance to respond to Defendants' Motion to Dismiss. Plaintiff has had his chance. Instead, Plaintiff chose to file an improper motion to strike and voluntarily ignored the substance of the pending Motion to Dismiss. Accordingly, Plaintiff's Motion to Strike should be denied, and the Defendants' Motion to Dismiss should be granted.

## Argument and Citation of Authority

### I. A Motion to Strike may not be used to Challenge a Motion to Dismiss

FED. R. CIV. P. 12(f) allows a court to, on its own or on motion from a party, "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." (Emphasis added). FED. R. CIV. P. 7(a) includes complaints and answers within its definition of "pleading", but not motions. Thus, by the explicit terms of FED. R. CIV. P. 12(f), only material included in a "pleading" may be subject to a motion to strike. Alyshah v. Georgia, 2006 U.S. Dist. LEXIS 66546, at *6 (N.D. Ga Sept. 5 2006). Motions and affidavits may not be attacked by a motion to strike. Id. In Alyshah, the plaintiff filed a lawsuit against the State Bar of Georgia arising out of the State Bar of Georgia's attempts to prevent the plaintiff from engaging in the unauthorized practice of law. The State Bar of Georgia filed a Motion to Dismiss, and the plaintiff filed a Motion to Strike. The district court denied the Motion to Strike

because the Motion to Dismiss was not subject to a Motion to Strike. The district court, however, exercised its discretion and considered it as a response to the Motion to Dismiss. Id. at 7. See also Lesman v. Mortgage Elec. Registration Systems, Inc., 2012 U.S. Dist. LEXIS 104930 (N.D. Ga. July 26, 2012) (confirming that a motion to strike is not the proper vehicle for challenging matters not contained in pleadings, and that motions and briefs may not be attacked by motion to strike); Weiss v. PPG Indus., Inc., 1993 U.S. Dist. LEXIS 5240 (M.D. Fla. April 13, 1993 (denying a motion to strike an opposing party's motion to strike because a motion is not a pleading and, therefore, a motion to strike a motion is not proper).

Plaintiff cites three cases supporting his contention that courts "routinely grant motions to strike ... patently barred motions ..." (Doc. 46 at 2). An examination of those cases reveals that none of them even remotely supports Plaintiff's position. First, Plaintiff cites United States v. Barker, 1198 U.S. Dist. LEXIS 15363 (S.D. Ga. Sept. 25, 1998). Barker is inapplicable and does not even address a motion to strike. Instead, it focuses on the district court's decision to enjoin a pro se plaintiff from filing further motions because of his extensive history of abusive litigation. The order also enjoined the plaintiff from filing additional lawsuits unless the plaintiff met certain conditions. The district court specifically

found the motion at issue was filed for an improper purpose and that a cursory examination of the plaintiff's allegations demonstrated they were objectively frivolous and had no basis in law or fact. Id. at *5-*6. Thus, this case does not, in any way, support Plaintiff's contention that her Motion to Strike should be granted. Moreover, the Defendants Motion to Dismiss – far from being objectively frivolous – provides a detailed analysis with numerous citations describing the grounds on which Plaintiff's Complaint and Amended Complaint should be dismissed.[1]

Second, Plaintiff cites Cobb v. Hulsey, 216 B.R. 676 (M.D. Fla. 1998). This case also fails to support Plaintiff's contention that his motion to strike a pending motion to dismiss should be granted. Note 3, which Plaintiff specifically references, states that numerous *pleadings* were stricken or denied as not cognizable under the applicable rules. Thus, this case lends no support to Plaintiff's argument that his Motion to Strike the Defendants' Motion to Dismiss should be granted.

Finally, Plaintiff cites the almost one hundred year old case of Harrison v. City of Tampa, 247 F. 569 (S.D. Fla. 1918). Despite the significant changes in the Federal Rules that have occurred in the last 100 years, this case also dealt with a

---

[1] Plaintiff also alleges Defendants' Affirmative Defenses are "boilerplate." This is a complete mischaracterization of the affirmative defenses raised by the Defendants in this case. The Defendants raised only 4 affirmative defenses, all of which are set forth and fully supported in the Defendants Motion to Dismiss.

properly brought motion to strike *pleadings*. "[T]he court should strike any portion of a pleading which is surplusage, or tends to prejudice a fair trial of the action, by making immaterial issues of fact for trial by the jury, when the same is called to its attention." Id. at 573.

## II.   All of the Defenses Raised in the Motion to Dismiss were Timely and Defendants Motion to Dismiss Should be Granted

After incorrectly asserting that the Motion to Strike was the proper method to respond to a Motion to Dismiss, Plaintiff argues the Defendants' Motion to Dismiss should be denied because it was not filed before or contemporaneously with the Answer. Plaintiff's primary support for this position is a case from the Georgia Court of Appeals discussing a unique aspect of Georgia Civil Procedure regarding the filing of medical malpractice actions. See Chandler v. Opensided MRI of Atlanta, LLC, 682 S.E.2d 165 (Ga. Ct. App. 2009). In Chandler, the Georgia Court of Appeals interpreted a provision of O.C.G.A. §9-11-9.1, which is a procedural statute requiring an affidavit to accompany a complaint alleging malpractice. The Georgia Court of Appeals addressed the relatively narrow issue of whether a complaint for malpractice could be renewed when the defendant had raised the failure to file an affidavit as an affirmative defense in the answer and the statute of limitations had expired. Obviously, this case has no application to the present facts, and the reason the Plaintiff believes a

case interpreting Georgia civil procedure has any influence over the application of the Federal Rules of Civil Procedure is unclear.

The Defendants in this case fully complied with the provisions of FED. R. CIV. P. 12. The Defendants properly preserved the defenses of insufficient service of process and failure to state a claim by including them as affirmative defenses in their first responsive pleading. Further, neither defense was waived because they were both available and properly joined in a single motion pursuant to FED. R. CIV. P. 12(g)(1).[2] The Defendants' Motion to Dismiss, therefore, should not be denied as untimely.

### III. An Extension of Time is Not Warranted

Plaintiff also asks this Court for additional time to respond to the "substance" of the Defendants' Motion to Dismiss if her Motion to Strike is denied. The history of this litigation is replete with examples of the Plaintiff's delay and dilatory conduct. In this instance, Plaintiff, who is represented by counsel, filed an improper Motion to Strike which completely failed to address the substance of the Defendants' Motion to Dismiss. Indeed, even though procedurally improper, nothing prevented the Plaintiff from addressing the merits

---

[2] While Defendants agree that a "Motion to Dismiss" for failure to state a claim may not be filed after an Answer, the Defendants present motion, while joined with a motion to dismiss for insufficient service of process, may be considered as a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) See Whitehurst v. Wal-Mart Stores East, L.P., 329 Fed. Appx. 206, 208 (11th Cir. 2008) (Exhibit "A"); Byrne v. Nezhat, 261 F. 3d 1075, 1093 n.35, 1096 n.46 (11th Cir. 2001).

of the Defendants arguments in her Motion to Strike. Instead, he used a mere 6 pages of content to make a completely unsupported argument that the Defendants' Motions should be stricken as untimely. The primary support for this argument came from a case interpreting Georgia Civil Procedure. Furthermore, if Plaintiff needed additional time to respond, he was required by Local Rule 6.2 to seek an extension 5 days before his response was due. Plaintiff used his opportunity to respond to file the Motion to Strike. Plaintiff should not be allowed a second chance because of his inability to follow the rules set forth in the Federal Rules of Civil Procedure.

## Conclusion

Because the Motion to Strike is improper, and because Defendants' Motion to Dismiss was timely and warranted a response, Plaintiff's Motion to Strike should be Denied and Defendants' Motion to Dismiss Should be Granted.

WHEREFORE, Defendants' Respectfully Request this Court DENY Plaintiff's Motion to Strike and GRANT Defendants' Motion to Dismiss.

THIS 3rd day of December, 2012.

BENDIN SUMRALL & LADNER, LLC

/s/ Brian D. Trulock
TIMOTHY H. BENDIN
Georgia Bar Number 049876
BRIAN D. TRULOCK
Georgia Bar Number 559510
*Attorneys for Defendants*
One Midtown Plaza, Suite 800
1360 Peachtree Street NE
Atlanta, Georgia  30309
Telephone:  (404) 671-3100
Facsimile:   (404) 671-3080
E-mail:  tbendin@bsllaw.net
E-mail:  btrulock@bsllaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 3, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following parties:

| | |
|---|---|
| Mirta Desir, Esq. | Kyle Krejci, Esq. |
| *Pro Hac Vice* | Law Office of Kyle Krejci, LLC |
| Post Office Box 1052 | Post Office Box 28122 |
| West Palm Beach, Florida  33402 | Macon, Georgia  31221 |
| mdesir@gmil.com | kyle@middlegalaw.com |

THIS 3rd day of December, 2012.

BENDIN SUMRALL & LADNER, LLC

/s/ Brian D. Trulock
TIMOTHY H. BENDIN
Georgia Bar Number 049876
BRIAN D. TRULOCK
Georgia Bar Number 559510
*Attorneys for Defendants*
One Midtown Plaza, Suite 800
1360 Peachtree Street NE
Atlanta, Georgia  30309
Telephone:  (404) 671-3100
Facsimile:  (404) 671-3080
E-mail:  tbendin@bsllaw.net
E-mail:  btrulock@bsllaw.net
280214-1050-0002



DARRYL M. WHITEHURST, Plaintiff-Appellant, versus WAL-MART STORES EAST, L.P., a foreign corporation licensed to do business in the state of Florida, Defendant-Appellee.

No. 07-15794 Non-Argument Calendar

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

*329 Fed. Appx. 206; 2008 U.S. App. LEXIS 24391*

December 2, 2008, Decided
December 2, 2008, Filed

**NOTICE:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [**1]
Appeal from the United States District Court for the Middle District of Florida. D. C. Docket No. 06-00191-CV-J-32MCR.
*Whitehurst v. Wal-Mart Stores E., L.P.,* 2007 U.S. Dist. LEXIS 50863 (M.D. Fla., July 13, 2007)

**DISPOSITION:** AFFIRMED IN PART AND DISMISSED IN PART.

**COUNSEL:** Darryl M. Whitehurst, Appellant, Pro se, JACKSONVILLE, FL.

For Wal-Mart Stores East, L.P., Appellee: Rhonda Burns Boggess, Taylor, Day, Currie & Burnett, JACKSONVILLE, FL; John David Osgatharpe, Taylor, Day, Currie, Boyd & Johnson, JACKSONVILLE, FL.

**JUDGES:** Before BIRCH, HULL and WILSON, Circuit Judges.

**OPINION**

[*206] PER CURIAM:

Darryl M. Whitehurst, proceeding *pro se*, appeals the dismissal of his complaint [*207] for failure to state a claim. Whitehurst argues that Wal-Mart failed to timely file its motion to dismiss, that he in fact stated a claim, and that the court was biased against him in dismissing his case. For the reasons that follow, we affirm in part and dismiss this appeal in part.

I.

*A. Jurisdiction*

We first address our appellate jurisdiction. We may exercise jurisdiction only if a notice of appeal is timely filed. *Rinaldo v. Corbett,* 256 F.3d 1276, 1278 (11th Cir. 2001). A notice of appeal in a civil case "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." *FED. R. APP. P. 4(a)(1)(A).* When a separate [**2] judgment is required but not entered, a separate judgment is deemed to have been entered 150 days after the entry of the challenged order. *FED. R. APP. P. 4(a)(7)(A)(ii).*

Since Whitehurst does not specify which order he is appealing, we will liberally construe his notice as a notice of appeal as to the final judgment and all post-judgment motions. *See Hill v. BellSouth Telecomms., Inc.,* 364 F.3d 1308, 1313 (11th Cir. 2004) (embracing "'a policy of liberal construction of notices of appeal' when (1) unnoticed claims or issues are inextricably intertwined with noticed ones and (2) the adverse party is not prejudiced" (citation omitted)).

*1. Final Order*

The district judge granted Wal-Mart's motion to dismiss in a final order dated July 13, 2007, but did not enter a separate judgment. Thus, a separate judgment was deemed entered on December 10, 2007, 150 days after July 13, 2007. *See FED. R. APP. P. 4(a)(7)(A)(ii); FED. R. CIV. P. 58(a).* Whitehurst then had until January

EXHIBIT "A"

9, 2008 to file a timely notice of appeal. *See* FED. R. APP. P. *4(a)(1)(A)*. Whitehurst filed his notice of appeal on December 7, 2007. His notice is thus timely to appeal the district judge's July 13, 2007 order.

*2. Post-judgment* [**3] *Orders*

The magistrate judge disposed of the last post-judgment motion in an order dated November 2, 2007. Either party could have timely appealed a post-judgment order on or before December 3, 2007. *See* FED. R. APP. P. *4(a)(1)(A)*; FED. R. APP. P. *26(a)(3)* (extending the appeal period so that the last day does not fall on a Saturday, Sunday, or legal holiday). Whitehurst's December 7, 2007 notice of appeal is thus untimely to obtain review of any of the post-judgment orders.

*B. Standing*

We must also consider standing *sua sponte. AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1360 (11th Cir. 2007)* (citations omitted). "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 757, 70 L. Ed. 2d 700 (1982)*. To meet Article III's case or controversy requirement, a party must have standing. *Id. at 471-72, 102 S. Ct. at 758*. Standing requires that plaintiff "demonstrate that he has suffered injury in fact, that the injury is fairly traceable to the actions of the defendant, [**4] and that the injury will likely be redressed by a favorable decision." *O'Halloran v. First Union Nat'l Bank of Fla., 350 F.3d 1197, 1202 (11th Cir. 2003)* (citation and quotation marks omitted).

Here, Whitehurst filed suit on behalf of family members. He alleged that Wal-Mart was vicariously liable for its employee's [*208] negligence. He alleged that, as he and his family were shopping at Wal-Mart, an employee tried to apprehend an individual. The two started fighting near Whitehurst's family. The fight caused harm to Whitehurst's wife, 8-year-old son, and 6-month-old granddaughter.

Whitehurst did not allege that he himself suffered any injury traceable to Wal-Mart. Thus, he lacks standing to bring this suit. Since Whitehurst's lack of standing is intertwined with his failure to state a claim, however, we will address his arguments.

II.

*A. Motion to Dismiss*

Whitehurst argues that Wal-Mart's motion to dismiss was untimely. We disagree. A party's Rule 12(b)(6) motion to dismiss for failure to state a claim is a nullity if the party files that motion after raising the defense of failure to state a claim in its answer. *See Byrne v. Nezhat, 261 F.3d 1075, 1093 n.35, 1096 n.46 (11th Cir. 2001)*. But [**5] the court may construe the Rule 12(b)(6) motion as one seeking judgment on the pleadings under *Rule 12(c). Id.*

Wal-Mart preserved the defense of failure to state a claim by raising it in its answer. In so doing, however, Wal-Mart could not assert the defense in a Rule 12(b)(6) motion. Nevertheless, when construed as a Rule 12(c) motion for judgment on the pleadings, Wal-Mart's motion was timely.

*B. Judgment on the Pleadings*

Whitehurst next argues that the district court improperly dismissed his complaint. He asserts that his complaint in fact stated a claim, and that the district court needed to consider only whether Wal-Mart had complied with the Federal Rules of Civil Procedure. Whitehurst further asserts that he could advocate for his family. We disagree.

We review *de novo* a motion for judgment on the pleadings, "accepting the facts in the complaint as true and viewing them in the light most favorable to the nonmoving party. Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002)* (internal citations and quotation marks omitted).

"In all [**6] courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." *28 U.S.C. § 1654*. A party may not, however, "appear or be heard as counsel for another in any proceeding" in the Middle District of Florida unless admitted to practice before that court. M.D. FLA. R. 2.01(a).[1]

> 1   Law students are, however, permitted to make appearances under certain conditions. M.D. FLA. R. 2.05.

Whitehurst has not alleged that he himself suffered any injury fairly traceable to Wal-Mart. Nor has he been admitted to practice before the Middle District of Florida. Accordingly, the district judge properly dismissed Whitehurst's complaint, and we do not address the merits of his negligence claim.

*C. Bias and Prejudice and Abuse of Discretion Claims*

Whitehurst argues that the "Assigned Judge"[2] was biased and prejudiced [*209] against him. He claims that the court became an advocate for the defendant. He

further claims that the court abused its discretion by signing orders without ever appearing before the parties in a courtroom. We disagree.

> 2 Although it is unclear, Whitehurst appears to be referring to both the magistrate and district judges. We refer to them individually [**7] or collectively as "court."

We review these claims for plain error because they are raised for the first time on appeal. *See Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983)*. A judge should recuse himself if he "has a personal bias or prejudice concerning a party . . . ." *28 U.S.C. § 455(b)*. "The bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *United States v. Amedeo, 487 F.3d 823, 828 (11th Cir.), cert. denied     U.S.    , 128 S. Ct. 671, 169 L. Ed. 2d 526 (2007)* (citation and quotation marks omitted).

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *28 U.S.C. § 455(a)*. The standard for recusal under *§ 455(a)* "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality . . . ." *United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003)* (citation and quotation marks omitted). A judge should recuse himself if his remarks "demonstrate such pervasive [**8] bias and prejudice that it constitutes bias against a party. Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." *Hamm, 708 F.2d at 651* (internal citations omitted).

Here, the court commented that Whitehurst's complaint failed to state a claim. But the court gave Whitehurst multiple chances to amend his complaint. The court also, on its own, appointed pro-bono counsel for Whitehurst. In light of the foregoing, no reasonable observer would significantly doubt the court's impartiality here. Thus, the court did not plainly err by failing to recuse itself or by signing orders without appearing before the parties in a courtroom.

## CONCLUSION

After carefully reviewing the record and the parties' briefs, we find no reversible error. We affirm the final order dismissing Whitehurst's complaint for failure to state a claim. We dismiss those portions of Whitehurst's appeal over which we lack jurisdiction.

**AFFIRMED IN PART AND DISMISSED IN PART.**