IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

**DEXTER CAMPBELL,**

    **Plaintiff,**

**v.**

**MERCER UNIVERSITY;**
**D. BLOODWORTH, individually,**
**STEVE GAINES, individually,**
**RAY BRIDGER, individually,**

    **Defendants.**

**Case No. 5:12CV00181HL**

## DEFENDANT DAN BLOODWORTH'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE HIS AFFIDAVIT

COMES NOW, DEFENDANT DAN BLOODWORTH, and hereby files his Response in Opposition to Plaintiff's Motion to Strike his Affidavit. [Doc. 46][1] Plaintiff's request to strike Defendant Bloodworth's affidavit should be denied for two reasons. First, a Motion to Strike an affidavit is improper because an affidavit is not a pleading and, therefore, it may not be challenged via a Motion to Strike. Second, contrary to Plaintiff's brief, there is no Federal Rule of Civil Procedure requiring that a supporting affidavit be filed contemporaneously with a motion.

---

[1] Plaintiff has titled his Motion as a "reply" to Defendant Bloodworth's Response in Opposition to Plaintiff's Motion for Evidentiary Hearing. Plaintiff's request that the affidavit be stricken, however, is novel and warrants a response. Plaintiff also makes a "request" that this Court deny Defendant Bloodworth's Motion to Dismiss. To the extent this constitutes a sur-reply, the Court should not consider it because it violates Local Rule 7.3.1.

## Argument and Citation of Authority

I. **Plaintiff's Motion to Strike Affidavit is Improper**

Plaintiff continues to ask this court to strike documents which are not pleadings. FED. R. CIV. P. 12(f) allows a court to, on its own or on motion from a party, "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." (Emphasis added). FED. R. CIV. P. 7(a) includes complaints and answers within its definition of "pleading", but not affidavits. Thus, by the explicit terms of FED. R. CIV. P. 12(f), only material included in a "pleading" may be subject to a motion to strike. Alyshah v. Georgia, 2006 U.S. Dist. LEXIS 66546, at *6 (N.D. Ga. Sept. 5 2006). Motions and affidavits may not be attacked by a motion to strike. Id. In Alyshah, the plaintiff filed a lawsuit against the State Bar of Georgia arising out of the State Bar of Georgia's attempts to prevent the plaintiff from engaging in the unauthorized practice of law. The State Bar of Georgia filed a Motion to Dismiss, and the plaintiff filed a Motion to Strike. The district court denied the Motion to Strike because the Motion to Dismiss was not subject to a Motion to Strike. The district court, however, exercised its discretion and considered it as a response to the Motion to Dismiss. Id. at 7. See also Lesman v. Mortgage Elec. Registration Systems, Inc., 2012 U.S. Dist. LEXIS 104930 (N.D. Ga. July 26, 2012)

(confirming that a motion to strike is not the proper vehicle for challenging matters not contained in pleadings, and that motions and briefs may not be attacked by motion to strike); Weiss v. PPG Indus., Inc., 1993 U.S. Dist. LEXIS 5240 (M.D. Fla. April 13, 1993 (denying a motion to strike an opposing party's motion to strike because a motion is not a pleading and, therefore, a motion to strike a motion is not proper).

    Plaintiff cites three cases supporting his contention that courts "routinely grant motions to strike … patently barred motions …" (Doc. 46 at 2). An examination of those cases reveals that none of them even remotely supports Plaintiff's position. First, Plaintiff cites United States v. Barker, 1198 U.S. Dist. LEXIS 15363 (S.D. Ga. Sept. 25, 1998). Barker is inapplicable and does not even address a motion to strike. Instead, it focuses on the district court's decision to enjoin a pro se plaintiff from filing further motions because of his extensive history of abusive litigation. The order also enjoined the plaintiff from filing additional lawsuits unless the plaintiff met certain conditions. The district court specifically found the motion at issue was filed for an improper purpose and that a cursory examination of the plaintiff's allegations demonstrated they were objectively frivolous and had no basis in law or fact. Id. at *5-*6. Thus, this case does not, in any way, support Plaintiff's contention that Defendant Bloodworth's affidavit

should be stricken.  The affidavit – far from being objectively frivolous – simply provides information regarding Defendant Bloodworth's physical address, the length of time he has resided at that address, and the lack of any international travel.

Second, Plaintiff cites Cobb v. Hulsey, 216 B.R. 676 (M.D. Fla. 1998).  This case also fails to support Plaintiff's contention that his motion to strike an affidavit should be granted.  Note 3, which Plaintiff specifically references, states that numerous *pleadings* were stricken or denied as not cognizable under the applicable rules.  Thus, this case lends no support to Plaintiff's argument that his Motion to Strike the Defendant Bloodworth's Affidavit should be granted.

Finally, Plaintiff cites the almost one hundred year old case of Harrison v. City of Tampa, 247 F. 569 (S.D. Fla. 1918).  Despite the significant changes in the Federal Rules that have occurred in the last 100 years, this case also dealt with a properly brought motion to strike *pleadings*.  "[T]he court should strike any portion of a pleading which is surplusage, or tends to prejudice a fair trial of the action, by making immaterial issues of fact for trial by the jury, when the same is called to its attention."  Id. at 573.

Defendant Bloodworth's affidavit is not a pleading and it may not be challenged via Plaintiff's Request to Strike.

II.   **Section "II" of Plaintiff Reply [Doc. 46] Should Not Be Considered Because it is a Sur-reply filed in violation of Local Rule 7.3.1**

Defendant Bloodworth filed his Motion to Dismiss and supporting brief on October 5, 2012 [Doc. 34]. On November 2, 2012, Plaintiff filed his "Motion for Evidentiary Hearing & Response to Defendant Bloodworth's Motion to Dismiss for Insufficient Service of Process." [Doc. 38]. In his Motion and Response, Plaintiff requested an evidentiary hearing to determine the feasibility of serving Defendant Bloodworth and further argued Defendant Bloodworth's Motion to Dismiss should be denied because Plaintiff's efforts to serve Defendant Bloodworth demonstrated due diligence. Defendant Bloodworth filed a "Response in Opposition to Plaintiff's Motion for an Evidentiary Hearing and a Reply to Plaintiff's Response to his Motion to Dismiss" on November 16, 2012. [Doc. 43]. At this point, no additional briefs pertaining to Defendant's Motion to Dismiss could be filed without permission of this Court, although the rules permitted Plaintiff to file a reply pertaining to his "Motion for Evidentiary Hearing."

Despite the prohibition against sur-reply briefs set forth in Local Rule 7.3.1, Plaintiff attempts to make additional arguments against Defendant Bloodworth's Motion to Dismiss by including them in his reply brief discussing his Motion for Evidentiary Hearing. This constitutes a sur-reply and the arguments should be

disregarded because Plaintiff did not obtain permission from this Court to file a sur-reply.[2]

### III.  The Federal Rule of Civil Procedure Quoted by Plaintiff Does Not Exist

Finally, Plaintiff argues Defendant Bloodworth's affidavit should be stricken because it did not comply with FED. R. CIV. P. 47(d). This subparagraph does not exist. FED. R. CIV. P. 47 has three subparagraphs discussing jury selection. It has nothing to do with the timing of affidavits. Additional research revealed that FED. R. CRIM. P. 47(d) requires that affidavits must be filed with a motion. Plaintiff has, of course, filed a civil action against the Defendants and the Federal Rules of Criminal Procedure are inapplicable. The reason Plaintiff cited a rule of criminal procedure as a rule of civil procedure and attempts to apply to this case is unknown. Regardless of the reason, the rule of civil procedure does not exist and the rules of criminal procedure are inapplicable. Consequently, there is no requirement that an affidavit be filed contemporaneously with a motion.[3]

---

[2] Plaintiff's arguments in this section, even if considered by the Court, do not support his request to deny Defendant Bloodworth's Motion to Dismiss. Plaintiff argues Defendant's Motion to Dismiss should be denied because it was not supported by an affidavit. Defendant, however, did not need an affidavit to support his argument that Plaintiff had failed to effect service because the docket lacked any evidence of service. The affidavit was filed as an exhibit in response to Plaintiff's Motion for Evidentiary Hearing and answered all of Plaintiff's concerns regarding Defendant Bloodworth's physical residence and travels. Furthermore, the argument completely fails to provide the reason Plaintiff was unable to serve an individual who has resided at the same address for almost 20 years and Plaintiff's failure to request permission to serve Defendant Bloodworth by publication.

[3] Even if there was such a requirement, the affidavit was filed contemporaneously with and as a supporting exhibit to Defendant's Response in Opposition to Plaintiff's Motion for Evidentiary Hearing. The affidavit's sole purpose was to answer the questions raised by Plaintiff's request for an evidentiary hearing.

## Conclusion

Plaintiff's request to strike Defendant Bloodworth's affidavit should be denied because the rules do not allow parties to challenge affidavits with motions to strike.  Additionally, the rule cited by Plaintiff as requiring a party to file an affidavit contemporaneously with a motion does not exist.  Any argument in favor of denying Defendant Bloodworth's Motion to Dismiss should not be considered because it constitutes an improper sur-reply.

WHEREFORE, Defendant Dan Bloodworth respectfully requests this Court DENY Plaintiff's Motion to Strike his Affidavit.

THIS 10th day of December, 2012.

BENDIN SUMRALL & LADNER, LLC

/s/ Brian D. Trulock
TIMOTHY H. BENDIN
Georgia Bar Number 049876
BRIAN D. TRULOCK
Georgia Bar Number 559510
*Attorneys for Defendants*
One Midtown Plaza, Suite 800
1360 Peachtree Street NE
Atlanta, Georgia  30309
Telephone:  (404) 671-3100
Facsimile:   (404) 671-3080
E-mail:  tbendin@bsllaw.net
E-mail:  btrulock@bsllaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 10, 2012, I electronically filed the foregoing **DEFENDANT DAN BLOODWORTH'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE HIS AFFIDAVIT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following parties:

| | |
|---|---|
| Mirta Desir, Esq. | Kyle Krejci, Esq. |
| *Pro Hac Vice* | Law Office of Kyle Krejci, LLC |
| Post Office Box 1052 | Post Office Box 28122 |
| West Palm Beach, Florida  33402 | Macon, Georgia  31221 |
| mdesir@gmil.com | kyle@middlegalaw.com |

THIS 10th day of December, 2012.

BENDIN SUMRALL & LADNER, LLC

/s/ Brian D. Trulock
TIMOTHY H. BENDIN
Georgia Bar Number 049876
BRIAN D. TRULOCK
Georgia Bar Number 559510
*Attorneys for Defendants*
One Midtown Plaza, Suite 800
1360 Peachtree Street NE
Atlanta, Georgia  30309
Telephone:  (404) 671-3100
Facsimile:   (404) 671-3080
E-mail:  tbendin@bsllaw.net
E-mail:  btrulock@bsllaw.net
281308-1050-0002