IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| **DEXTER CAMPBELL**<br><br>    Plaintiff,<br><br>v.<br><br>**MERCER UNIVERSITY;**<br>**D. BLOODWORTH, individually,**<br>**STEVE GAINES, individually,**<br>**RAY BRIDGER, individually,**<br><br>    **Defendants** | Case No. 5:12CV00181HL |

**DEFENDANT DAN BLOODWORTH'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND FAILURE TO STATE A CLAIM**

COMES NOW, DEFENDANT DAN BLOODWORTH, and hereby files this his Memorandum of Law in Support of his Motion to Dismiss Plaintiff's Amended Complaint pursuant to FED. R. CIV. P. 12(b) and FED. R. CIV. P. 4(m) because service of process has been insufficient and because Plaintiff's Complaint fails to state a claim against upon which relief can be granted.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

The purpose of this Motion is to comply with the provisions of FED. R. CIV. P. 12(b) with respect to the service upon Defendant Bloodworth of Plaintiff's "First Amended Complaint." [Doc. 24] on November 30, 2012. The procedural history and statement of facts are substantially similar to those presented in Defendants "Memorandum of Law in Support of His Motion to Dismiss for Insufficient Service of Process." [Doc. 34-1]. Defendant, therefore adopts the procedural history and facts set forth in his initial brief with the following additions and clarifications.

Plaintiff filed his Complaint on September 30, 2011 in the United States District Court for the Southern District of Florida. Plaintiff filed his "First Amended Complaint" on September 5, 2012. On November 30, 2012, 427 days after initially filing his Complaint, Plaintiff effected service on Defendant Bloodworth.

Because Plaintiff allowed 427 days to elapse between the filing of his Complaint on September 30, 2011 and ultimately effecting service on November 30, 2012, Plaintiff's Complaint and Amended Complaint should be dismissed without prejudice because of his failure to comply with the provisions of FED. R. CIV. P. 4(m). Further, Defendant Bloodworth is entitled to a dismissal with

prejudice of Counts II-IV of Plaintiff's Complaint because he is immune from these state law claims pursuant to the provisions of the Georgia Tort Claims Act. ("GTCA").

## ARGUMENT AND CITATION OF AUTHORITY

### I. Service of Process Has Been Insufficient

Plaintiff's service of Defendant Bloodworth with his Amended Complaint in this matter, 427 days after initially filing his Complaint, does not change the fact that service of process has been insufficient and, therefore, warrants dismissal of Plaintiff's Complaint and Amended Complaint. The arguments and analysis have been thoroughly set forth in Defendant's initial "Memorandum of Law in Support of His Motion to Dismiss for Insufficient Service of Process" [Doc. 34-1] and his associated reply brief [Doc. 43] and Defendant Bloodworth adopts those arguments here. Plaintiff has utterly failed to comply with the provisions of FED. R. CIV. P. 4(m), and the record lacks any evidence of the due diligence required to perfect service in a timely manner. This is primarily demonstrated by Plaintiff's failure to seek permission to perfect service by publication as allowed by of FED. R. CIV. P. 4(e)(1) and O.C.G.A. §9-11-4(f) if Defendant Bloodworth could not be located

with due diligence.[1]  Although a dismissal without prejudice will operate as a *de facto* dismissal with prejudice because the statute of limitations has expired, this is a predicament of Plaintiff's own making.  This Court should not overlook Plaintiff's repeated failure to comply with the rules to the detriment of Defendant Bloodworth.

## II. Counts II-IV of Plaintiff's Complaint Fail to State a Claim Against Defendant Bloodworth

A Complaint may be dismissed for failure to state a claim when the plaintiff can prove no set of facts which would entitle him to relief.  Faulk v. Orlando, 731 F.2d 787, 789 (11th Cir. 1984).  A complaint drafted by a pro se plaintiff is generally held to less stringent standards and may only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id. at 789-790.

In this case, the initial Complaint was drafted by a pro se Plaintiff.  The Amended Complaint, which contains the same factual allegations and causes of action, was drafted by an attorney. Even if Plaintiff is able to prove every fact described in his Complaint and Amended Complaint, he is not entitled to relief

---

[1] Even this argument would carry little weight because Mr. Bloodworth, as demonstrated by his previously filed affidavit in response to Plaintiff's request for an evidentiary hearing, has resided at the same location for more than 19 years.  Furthermore, once Plaintiff's counsel was handed Defendant Bloodworth's address via co-Defendants' initial disclosures, it took Plaintiff a mere 14 days to effect service upon Defendant Bloodworth.  Thus, if Plaintiff had indeed been diligent in determining Defendant Bloodworth's address, it would not have taken him 427 days to perfect service.

because Defendant Bloodworth is entitled to statutory immunity for the causes of action based on state law. Although Defendant Bloodworth cannot assert state law immunity for Plaintiff's allegations pursuant to § 1983, he can assert state law immunity for those claims arising out of state law. In this case, Defendant Bloodworth is entitled to immunity under the Georgia Tort Claims Act ("GTCA") as to Counts II – IV.

### A. Defendant Bloodworth was a Law Enforcement Officer with the Authority to Enforce the Laws of the State of Georgia

O.C.G.A. § 20-8-1 defines "campus policeman" as "an employee of an educational facility whose duties include the enforcement of the laws of this state; the preservation of public order; the protection of life and property; the prevention, detection, or investigation of crime; or any combination thereof." Campus policemen who have been certified as peace officers – such as Defendant Bloodworth – have "the same law enforcement powers, including the power of arrest, as a law enforcement officer of the local government with police jurisdiction over such campus." O.C.G.A. §20-8-2. Campus policemen, therefore, are entrusted with the same responsibilities, powers, and duties as their colleagues employed by various governmental entities throughout Georgia.

### B. The Georgia Tort Claims Act is Unambiguous in its Provision of Immunity to the Individual Defendants

The GTCA (O.C.G.A. § 50-21-20 *et seq.*) expressly prohibits any lawsuit against state officers or employees for actions within the scope of their official duties. O.C.G.A. § 50-21-25 states: "A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment *is not subject to lawsuit or liability therefor*." (emphasis added). The Act includes law enforcement officers within its definition of "state officer or employee." O.C.G.A. § 50-21-22. The Georgia Supreme Court has held that the statute is "plain in its language as to the scope of its coverage and the extent of the immunity granted thereby …" Ridley v. Johns, 552 S.E.2d 853, 854 (Ga. 2001).

The only issue this Court must consider, therefore, is whether Defendant Bloodworth was engaged in law enforcement activities at the time of the conduct giving rise to Plaintiff's state law claims. "Since there is no exemption in the statute for acts motivated by malice or an intent to injure, the presence of such motivation has no effect on the immunity granted by the statute." Id. In this case, Defendant Bloodworth was a law enforcement officer acting within his official capacity. Thus, he is entitled to official immunity.

Campus policemen who are certified in accordance with O.C.G.A. § 20-8-3 – as Defendant Bloodworth was in this case – are "law enforcement officers"

6

because they can exercise "the same law enforcement powers, including the power of arrest, as a law enforcement officer of the local government with police jurisdiction over such campus." O.C.G.A. § 20-8-2. Moreover, it does not matter whether the police officer is working for a public or private entity. Immunity under the GTCA depends on whether the law enforcement officer was acting within the scope of his official authority at the time of the conduct. Sommerfield, 509 S.E.2d at 102. The rationale for immunity is to preserve independence of action and to prevent a review of a law enforcement officer's judgment in hindsight. Cameron v. Lang, 549 S.E.2d 341, 344 (Ga. 2001).

Here, Plaintiff has alleged Defendant Bloodworth arrested him for trespassing on Mercer University's private property. According to the Complaint and Amended Complaint, Plaintiff was arrested and transported to the MUPD where he was issued a criminal trespass warning. The allegations in Plaintiff's Complaint and Amended Complaint, therefore, allege facts that constitute a law enforcement activity for which Defendant Bloodworth is immune pursuant to GTCA. Indeed, Plaintiff's assertion of a cause of action pursuant to § 1983 supports this conclusion because a successful action under § 1983 will require a finding that Defendant Bloodworth was acting under color of law at the time of Plaintiff's arrest and, therefore, not acting as a "private" security guard.

Consequently, Plaintiff's state law claims (Counts II –IV) must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing analysis, Plaintiff's Complaint and Amended Complaint must be dismissed. Counts II-IV should be dismissed with prejudice because of Plaintiff's failure to state a claim. The entire Complaint and Amended Complaint are subject to dismissal without prejudice because service of process has been insufficient.

WHEREFORE, Defendant Dan Bloodworth respectfully requests this Court DISMISS Plaintiff's Complaint and Amended Complaint *without prejudice.* Counts II-IV of Plaintiff's Complaint and Amended Complaint should be dismissed *with prejudice*.

THIS 20th day of December, 2012.

        BENDIN SUMRALL & LADNER, LLC

        */s/ Brian D. Trulock*
        TIMOTHY H. BENDIN
        Georgia Bar Number 049876
        BRIAN D. TRULOCK
        Georgia Bar Number 559510
        *Attorneys for Defendants*
        One Midtown Plaza, Suite 800
        1360 Peachtree Street NE
        Atlanta, Georgia  30309

        Telephone:  (404) 671-3100
        Facsimile:   (404) 671-3080
        E-mail:  tbendin@bsllaw.net
        E-mail:  btrulock@bsllaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2012, I electronically filed the foregoing DEFENDANT DAN BLOODWORTH'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND FAILURE TO STATE A CLAIM with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following parties:

Mirta Desir, Esq.  
*Pro Hac Vice*  
Post Office Box 1052  
West Palm Beach, Florida  33402  
mdesir@gmil.com  

Kyle Krejci, Esq.  
Law Office of Kyle Krejci, LLC  
Post Office Box 28122  
Macon, Georgia  31221  
kyle@middlegalaw.com  

THIS 20th day of December, 2012.

BENDIN SUMRALL & LADNER, LLC

/s/ Brian D. Trulock  
TIMOTHY H. BENDIN  
Georgia Bar Number 049876  
BRIAN D. TRULOCK  
Georgia Bar Number 559510  
*Attorneys for Defendants*  
One Midtown Plaza, Suite 800  
1360 Peachtree Street NE  
Atlanta, Georgia  30309  
Telephone:  (404) 671-3100  
Facsimile:   (404) 671-3080  
E-mail:  tbendin@bsllaw.net  
E-mail:  btrulock@bsllaw.net