IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DEXTER CAMPBELL,** | |
| Plaintiff, | |
| v. | Civil Action 5:12-cv-181 (HL) |
| **MERCER UNIVERSITY, *et al.*,** | |
| Defendants. | |

## ORDER

There are several motions currently pending in this case: (1) Defendant
Dan Bloodworth's Motion to Dismiss (Doc. 34); (2) Defendants Mercer University,
Ray Bridger, and Steve Gaines's ("Mercer Defendants") Motion to Dismiss (Doc.
41); (3) Plaintiff Dexter Campbell's Motion to Strike Mercer Defendant's Motion to
Dismiss (Doc. 44); (4) Plaintiff's Motion to Strike Defendant Bloodworth's Motion
to Dismiss (Doc. 46); and (5) Defendant Bloodworth's Second Motion to Dismiss
(Doc. 52).  For the reasons laid out more fully below, the Motions to Dismiss
(Docs. 34, 41, 52) are granted and the Motions to Strike (Docs. 44, 46) are
denied.

I.    **Background**

The Complaint in this case was filed by Plaintiff Dexter Campbell on
September 30, 2011 in the Southern District of Florida, where Plaintiff then
resided. The Complaint, which was filed by Plaintiff *pro se*, alleged violations of

Plaintiff's rights under § 1983 based on an incident that occurred at Mercer University on September 30, 2009. On that day, Plaintiff was at the Tarver Library on Mercer's campus using a computer. According the the Complaint, Defendant Bloodworth, a law enforcement officer employed by Mercer, approached Plaintiff, falsely accused him of viewing pornography on the computer, pointed his gun at Plaintiff, placed him in handcuffs, and transported him to the Mercer University Police Department. Plaintiff alleges that this was a false arrest that violated his rights.

On March 27, 2012, attorney Mirta Desir made an appearance in the case and moved to transfer the case to the Northern District of Georgia. (Doc. 13.) That motion was granted and all motions that were then-pending, including a Motion for Extension of Time for Service, were declared moot. On May 18, 2012, the case was transferred to the Middle District of Georgia at Plaintiff's request. (Doc. 17.)

On September 5, 2012, Ms. Desir filed an Amended Complaint against all Defendants. (Doc. 24.) On September 6, 2012, 342 days after the filing of the Complaint, the Mercer Defendants were served. That same day, the Mercer Defendants filed a joint Answer (Doc. 29). On October 5, 2012, Defendant Bloodworth filed a Motion to Dismiss (Doc. 34) arguing that he was not properly

served under Federal Rule of Civil Procedure 4(m). At the time he filed the Motion to Dismiss, Bloodworth had not been served.[1]

On November 7, 2012, the Mercer Defendants filed a Motion to Dismiss (Doc. 41) in which they raised the same argument about insufficient service that Bloodworth raised in his Motion to Dismiss. The Mercer Defendants also argued that the Complaint failed to state a claim upon which relief could be granted because Mercer could not be sued for the acts of its agents and Defendants Bridger and Gaines were immune under the Georgia Tort Claims Act.

On November 28, 2012, Plaintiff filed a Motion to Strike the Mercer Defendants' Motion to Dismiss (Doc. 44). In this Motion, Plaintiff argues that the Motion to Dismiss filed by the Mercer Defendants was inappropriate because it was filed sixty-two days after the Answer.

On November 30, 2012, Plaintiff filed a second Motion to Strike, this one aimed at Bloodworth's Motion to Dismiss (Doc. 46). In the Motion, Plaintiff argues that Bloodworth's Motion to Dismiss was not supported by an affidavit at the time it was filed. Thus, Plaintiff argues that the Motion to Dismiss was unsubstantiated and fails to meet the standards for a proper motion to dismiss.

On December 20, 2012, Bloodworth filed a Motion to Dismiss the Amended Complaint (Docs. 52 & 53), renewing his arguments in his first Motion to Dismiss for purposes of moving to dismiss the Second Amended Complaint.

---

[1] The record reflects that he was not served until December 17, 2012, 444 days after the Complaint was filed.

3

The Court held an evidentiary hearing on Tuesday, February 26, 2013 in Macon, Georgia. Though Plaintiff's counsel requested the hearing (*see* Doc. 38), the parties agreed at the outset that there were no factual issues that needed to be discussed. Both parties agree that the Defendants were not served within the 120-day window permitted by Rule 4. However, the parties disagree about whether the failure to serve within 120 days justifies dismissing the case.

## II.   **Defendant Dan Bloodworth's Motions to Dismiss**

The primary argument in Defendant Bloodworth's Motions to Dismiss is that service was not properly executed, justifying dismissal under Federal Rule of Civil Procedure 4. Rule 4 provides that

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service by made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Plaintiff argues that service on Defendant Bloodworth was not feasible within the 120-day window allowed by the Federal Rules. Plaintiff's argument in the Motion for an Evidentiary Hearing (Doc. 38) alludes to an allegation that Defendant Bloodworth may have been out of the country during the time that Plaintiff was attempting service or that Defendant Bloodworth may have been intentionally evading service. In response to Plaintiff's claims about the inability to

4

serve, Defendant Bloodworth submitted an affidavit stating that he lived at the same address for nineteen years, that he was unaware of any attempts to serve him at this address or any other address, and that he had not been out of the country for any period of time since the beginning of the lawsuit. (Doc. 43-1.) In response to this affidavit, Plaintiff filed a Motion to Strike, arguing that Defendant Bloodworth's response and accompanying affidavit should not be considered by the court because they were procedurally improper. Plaintiff contends that the affidavit was filed too late and cannot serve to substantiate Defendant Bloodworth's earlier-filed Motion to Dismiss. [2]

At the evidentiary hearing, Defendant's attorney informed the Court that Defendant Bloodworth was present in the courtroom and was prepared to testify to the statements contained in his affidavit. Defendant Bloodworth was never called to the stand as Plaintiff's counsel indicated that he did not take issue with the factual assertions contained within his affidavit. Plaintiff's counsel emphasized that the argument against Defendant Bloodworth's Motion to Dismiss was not a factual dispute, but rather turned on the procedural issue of whether the Motion to Dismiss was properly supported when it was filed.

The Court finds Plaintiff's procedural argument against the Motion to Dismiss unconvincing. There is no case law suggesting that a later-filed affidavit

---

[2] Plaintiff previously argued in his written Motion that the failure to serve Defendant Bloodworth within 120 days should be excused because there was "good cause" for the failure to serve. Based on Plaintiff's argument at the hearing, the Court assumes this argument has been abandoned and that Plaintiff's sole argument is a procedural attack against Bloodworth's Motion.

should not be considered by the Court when it is responsive to a pleading. The case law relied upon by Plaintiff is Federal Rule of Criminal Procedure 47, which requires an affidavit to be filed contemporaneously with a motion. *See* FED. R. CRIM. P. 47(c). Since this Rule is completely inapplicable in this case, the Court finds Plaintiff's argument unsupported and unconvincing. The Court sees no reason to withdraw Defendant Bloodworth's affidavit from consideration.

Based on Bloodworth's affidavit, the Court finds that there is no good reason justifying the failure to serve Defendant within the 120 days allotted by Rule 4. "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty. Commis., 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks and alteration omitted). In this case, Plaintiff has not presented evidence of any external factor preventing service. The Court can only conclude that it was a sheer lack of effort that led to the failure to serve. Plaintiff claims that a "thorough search" was undertaken to locate Defendant Bloodworth. However, to this Court's knowledge, this search consisted of asking defense counsel where Bloodworth could be found and contacting Mercer University to ask for Bloodworth's address or location. This does not constitute a "thorough search" and it certainly does not warrant excuse under Rule 4(m).

The Court also takes issue with one of the adversarial tactics used by Plaintiff's counsel in their attempt to argue that the failure to serve was justified. Specifically, the Court finds Plaintiff's argument that Defendant Bloodworth may

6

have been out of the country or was evading service (Doc. 38, p. 4) to be improper. There is absolutely no evidence on the record to suggest that Defendant Bloodworth was out of the country, nor is there any evidence suggesting that he attempted to evade service by relocating. Plaintiff's baseless allegations are not only a complete waste of the Court's time, but also constitute a breach of an attorney's fiduciary duty to the Court.

Under Rule 11, an attorney who signs a pleading certifies to the court that he has conducted an "inquiry reasonable under the circumstances" into whether the "defenses, and other legal contentions" are legally warranted. FED. R. CIV. P. 11(b)(2). The Rule further requires that the denials of factual contentions should be warranted on the evidence. Id.

The Court recognizes that it should "avoid using the wisdom of hindsight" and inquire only into what was reasonable to believe at the time the pleading was submitted. Id. at Advisory Committee's Note. However, in this case, the Court finds that at no point in this litigation did Plaintiff's counsel ever have reason to believe that Bloodworth was out of the country or evading service. While the Court chooses not to sanction Plaintiff's attorneys Mirta Desir and Kyle Krejci for their improper allegations in this case, the Court warns both attorneys that making broad, unsupported assertions in pleadings is completely unacceptable. If counsel should undertake this tactic in this Court again, sanctions will be imposed.

III.   **Mercer Defendants' Motion to Dismiss**

The Mercer Defendants also filed a Motion to Dismiss based on Plaintiff's failure to serve within the 120-day window in Rule 4. In response, Plaintiff filed a Motion to Strike claiming that the Mercer Defendants' Motion should not be considered because it was filed sixty-two days after the Answer. The Plaintiff is technically correct in arguing that a Motion to Dismiss should not be considered after the answer is filed. Leonard v. Enterprise Rent a Car, 279 F.3d 967, 971 n. 6 (11th Cir. 2002) (stating that "[a]fter answering the complaint, the defendants filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims. Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief"). However, courts recognize that there are policy reasons that support reviewing a motion to dismiss even when it is later-filed.

In Allianz Ins. Co. v. Otero, 2003 WL 262335 (S.D.N.Y. Jan. 30, 2003), the court recognized an exception to the general rule when a defense has been preserved in the answer. The court stated "[b]ecause [the defense of lack of jurisdiction] could be raised at trial, dealing with the issue now is preferable to the waste of time and resources that would result if the court waited until trial for such a threshold issue to be decided." Id. at *3. Thus, even if a motion to dismiss is filed late, there is support for allowing the defense to be raised if it was preserved in the answer. Id.; *see also* Federal Practice & Procedure § 1361

(stating that "federal courts have allowed untimely motions if the defense has been previously included in the answer").

In this case, the Mercer Defendants preserved the defense of ineffective service in their Answer (Doc. 29, p. 2). Thus, based on the policy reasons stated above, this Court finds it reasonable to consider the Mercer Defendants' Motion to Dismiss, even though it was technically filed late. A review of the Motion to Dismiss reveals that there was no good cause for the failure to serve Mercer University, Bridger, or Gaines outside of the 120-day window. All three Defendants could have been served at Mercer's physical location. There is no evidence demonstrating that there is any good reason for the failure to timely serve. Thus, the case against the Mercer Defendants is dismissed for failure to properly serve under Rule 4(m).

IV.   **Conclusion**

For the reasons stated above, the Motions to Dismiss filed by Defendant Bloodworth and the Mercer Defendants are granted. The Motions to Strike filed by Plaintiff are denied. This case is dismissed.

**SO ORDERED**, this  11th  day of March, 2013.


                                    _s/Hugh Lawson_
                                    HUGH LAWSON, SENIOR JUDGE

ebr

9